1  GUILLERMO MARRERO, ESQ., State Bar No. 099056
   **INTERNATIONAL PRACTICE GROUP, P.C.**
2  1350 Columbia Street, Suite 500
   San Diego, California 92101
3  Telephone: (619) 515-1486
   Facsimile: (619) 515-1481
4  gmarrero@ipglaw.com

5  Attorneys for Defendant
   SEAWORLD LLC

6

7

8

9

10  **UNITED STATES DISTRICT COURT**

11  **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

12

13  ARTEMISA ELIZONDO, an          ) Case No.:  **'20 CV0829 BEN BGS**
    individual,                    )
14                                 ) **NOTICE OF REMOVAL OF CIVIL**
              Plaintiff,           ) **ACTION UNDER 28 U.S.C. § 1441 (b)**
15                                 ) **AND DEMAND FOR JURY TRIAL BY**
       v.                          ) **DEFENDANT SEAWORLD LLC**
16                                 )
    SEAWORLD PARKS &               )
17  ENTERTAINMENT, INC.,           )
                                   )
18             Defendants.         )
                                   )
19  ─────────────────────────────  )

20

21

22

23

24

25

26

27

28

Notice of Removal of Civil Action Under 28 U.S.C. 1441 (b) and Demand for Jury Trial

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendants SeaWorld LLC and SeaWorld Parks & Entertainment, Inc. hereby removes to this Court the State Court Action described below:

**A.    Plaintiff's Complaint**

1.    On November 13, 2018, Plaintiff Artemisa Elizondo ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of San Diego styled *Artemisa Elizondo v. SeaWorld Parks & Entertainment, Inc., et al.*, Case No. 37-2018-00057261-CU-PO-CTL ("the State Court Lawsuit"). The Complaint alleges causes of action for negligence and premises liability arising out of a June 26, 2018 slip and fall at SeaWorld.  Plaintiff seeks recovery of medical expenses, lost earnings, loss of earning capacity, and general damages.

**B.    The Parties**

2.    Plaintiff is a citizen of the State of California who resides in the City of San Bernardino, County of San Bernardino.

3.    Defendant SeaWorld LLC is a single-member Limited Liability Company incorporated in the State of Delaware, with its principal place of business in the State of Florida.  SeaWorld LLC owns and operates SeaWorld San Diego.

4.    SeaWorld Parks & Entertainment, Inc. is a Delaware corporation with its principal place of business in Florida which serves as the single member of SeaWorld LLC.  SeaWorld Parks & Entertainment, Inc. is not a proper defendant in this action, as it has never owned or operated SeaWorld San Diego

5.    Defendant Steven Melanese ("Mr. Melanese") is a resident of the County of Los Angeles, State of California.  Mr. Melanese was employed by Defendant SeaWorld LLC as the Vice President of Park Operations at SeaWorld San Diego at the time of the subject incident on June 26, 2018.  At the time of the incident, there were four layers of management (assistant supervisors, supervisors, managers, and directors) in between Mr. Melanese and the team of employees

responsible for operating, inspecting, maintaining, cleaning, managing, possessing, and controlling the floor at the restaurant where the slip and fall incident occurred.

**C.**   **Procedural History**

6.     On November 13, 2018, Plaintiff filed the State Court Lawsuit. A copy of the complaint is attached to the Declaration of Guillermo Marrero ("Marrero Decl.") as **Exhibit 1.**

7.     Defendant SeaWorld LLC was served with the Summons and Complaint as "Sea World LLC" on November 14, 2018.

8.     On December 5, 2018, Defendant's Counsel, Chelsea Yamabe, contacted Plaintiff's counsel, Raymond Ghermezian and advised him Mr. Melanese was an employee of SeaWorld who should not be named as a Defendant.  That same day, Mr. Ghermezian responded that if Defendant stipulated to keep the case in state court, he would ask Plaintiff if she would dismiss Mr. Melanese.  A copy of the email communication between Ms. Yamabe and Mr. Ghermezian is attached to the Marrero Decl. as **Exhibit 2**.

9.     On December 13, 2018, Defendant SeaWorld LLC answered the compliant.

10.     On January 22, 2019, Defendant Melanese filed a demurrer asserting that he was improperly named as a party and that the complaint lacked any specific allegations concerning his alleged responsibility.  A copy of the Melanese Demurrer to the Marrero Decl. as **Exhibit 3**.

11.     On January 22, 2019, Plaintiff served Form Interrogatories and Requests for Production of Documents on SeaWorld LLC. This is the only written discovery propounded by Plaintiff.  Plaintiff has not conducted any discovery written or otherwise as concerns Mr. Melanese.

12.     On April 19, 2019, the Court denied Defendants' Demurrer because of the liberal standard that applies to demurrers.  The court noted that although the complaint failed to assert any facts that Mr. Melanese owned or controlled the

Notice of Removal of Civil Action Under 28 U.S.C. § 1441 (b) and Demand for Jury Trial

premises these issues could be flushed out in discovery. The Court's minute order is attached to the Marrero Decl. as **Exhibit 4**.  Thereafter the Plaintiff made no attempt to flush out the facts concerning Mr. Melanese and initiated no discovery.

13.    On February 14, 2020, Mr. Melanese filed a Motion for Summary Judgment to dismiss the complaint because the Plaintiff could not raise a triable issue of fact concerning his ownership and control of the premises.  In support of the motion Mr. Melanese submitted a declaration that asserted he never owned, cleaned, repaired, or designed the restaurant at SeaWorld where the incident occurred.  In addition, Mr. Melanese asserted that he had no involvement with the subject incident, the alleged spill on the floor, or the placement of the wet floor caution sign, and did not witness the accident, was not present in the restaurant at the time of the incident, and was on vacation out of the country on the date of the incident.  A copy of the Motion and Mr. Melanese's Declaration is attached to the Marrero Decl. as **Exhibit 5**.

14.    On April 2, 2020, Plaintiff offered to voluntarily dismiss Mr. Melanese if the Motion for Summary Judgement be taken off calendar. A copy of the email communication offering dismissal is attached to the Marrero Decl. as **Exhibit 6**.

15.    On April 6, 2020, Defendants filed the Request for Dismissal of Mr. Melanese, which was executed by Plaintiff's counsel, with the San Diego Superior Court.[1] A copy of the dismissal is attached to the Marrero Decl. as **Exhibit 7**.

**D.    <u>Grounds for Removal</u>**

16.    This action may be removed to this Court by Defendant SeaWorld LLC pursuant to 28 U.S.C. §1441(b).

17.    This action is between citizens of different states, as Defendant SeaWorld LLC is a citizen of Delaware and Florida, and Plaintiff is a citizen of

---

[1]The San Diego Superior Court is closed and has suspended the acceptance of papers and e-File documents through April 30, 2020 due to the COVID-19 outbreak. Therefore, conformed copies of the Request for Dismissal are currently unavailable.

Notice of Removal of Civil Action Under 28 U.S.C. § 1441 (b) and Demand for Jury Trial

California.

18.    The amount in controversy exceeds $75,000.00 because: (1) Plaintiff's past medical expenses  are approximately $44,864.77; (2) Plaintiff seeks past loss of earnings of $2,250.00; (3) Plaintiff seeks the recovery of future medical expenses and pain and suffering for *"disabling, serious, and permanent injuries, pain, suffering and mental anguish"; and "will in the future incur medical and secondary expenses in the examination, care and treatment of her injuries*."; and (4) Plaintiff seeks recovery for mental anguish as a result of the incident and during her deposition testified that she has difficulty standing for long periods of time, walking up stairs, and walking with her daughter.

19.    Accordingly, this Court has original jurisdiction over all claims and causes of action alleged in the Complaint pursuant to 28 U.S.C. §1332, in that the amount in controversy exceeds $75,000.00 and is between citizens of different states.

**E.    Compliance with Removal Procedures**

20.    Pursuant to 28 U.S.C. § 1446 (b)(3), "[…] if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

21.    Although the case was pending in San Diego Superior Court for more than one year, the case did not become removable per 28 U.S.C. § 1446 (b)(3) until Melanese was voluntarily dismissed from the case by Plaintiff on April 6, 2020.

22.    Accordingly, this Petition to remove is timely filed because it has been filed within thirty (30) days of the date of Mr. Melanese's Dismissal at which time there was complete diversity between Plaintiff and Defendant SeaWorld LLC.

//

//

**F.**    **The Petition to Remove Is Timely Because Plaintiff Named Mr. Melanese in Bad Faith to Avoid Removal.**

23.    28 U.S.C. § 1446 (c)(1) prohibits the removal of a case more than one year after commencement of the action **unless the district court finds that the plaintiff has acted in bad faith** in order to prevent a defendant from removing the action."

24.    The bad faith exception was added "to prevent plaintiffs from joining non-diverse parties to actions solely to prevent a defendant from removing to federal court." *Heacock* , WL 4009849, at *2 (2016).

25.    SeaWorld LLC was effectively prevented from removing this case earlier because of the Plaintiff's bad faith inclusion of Mr. Melanese as a named Defendant solely for the purpose of defeating diversity jurisdiction.

26.     Although the  Ninth Circuit has not defined a standard defining the bad faith exception  of 28 U.S.C. § 1446 (c)(1). *Kolova v. Allstate Insurance Company*, 2020 WL 614653, at *3 (W.D. Wash., Feb. 10, 2020) (citing *Heacock v. Rolling Frito-Lay Sales, LP,* 2016 WL 4009849, at *3 (W.D. Wash., July 27, 2016), the factors considered are: (1) the timing of naming a non-diverse defendant; (2)  the timing of dismissal, and (3) the explanation given for that dismissal. *Kolova,* WL 614653, at *3 (2020).

27.    In *NKD Diversified Enters, Inc. v. First Mercury Ins. Co.*, 2014 WL1671859, at *4 (E.D. Cal., April 28, 2014), "a plaintiff who added a non-diverse defendant in response to a defendant's attempt to remove an action, and subsequently dismissed the defendant shortly after the deadline to remove expired, was held to have acted in bad faith." *Kolova,* WL 614653, at *3 (2020) (*citing NKD Diversified Enters, Inc.,* WL1671859, at *4 (2014)).

28.    Other district courts have found bad faith when "plaintiffs failed to take any discovery from a defendant or failed to serve them within the one-year period of limitation." *Kolova,* WL 614653, at *3 (2020) (*citing  Heller v. American States Ins.*

-5-

INTERNATIONAL
PRACTICE GROUP, P.C.                    Notice of Removal of Civil Action Under 28 U.S.C. § 1441 (b) and Demand for Jury Trial

*Co.*, 2016 WL 1170891, at \*3 (C.D. Cal. Mar. 25, 2016); *Hamilton San Diego Apartments, LP v. RBC Capital Markets, LLC*, 2014 WL 7175598, at \*4 (S.D. Cal. Dec. 11, 2014)).

29.     Mr. Melanese was named solely to defeat diversity jurisdiction.

30.     In this case removal is appropriate even after the expiration of the one year time limit because of Plaintiff's bad faith as demonstrated by the following:  (1) Plaintiff Email of December 5, 2018  (**See Exhibit 2**), (2) Plaintiff was aware at the outset of the case that there was no basis for a claim against Mr. Melanese because, as detailed in Defendants' Demurrer, there was no indication that he contributed to Plaintiff's injury in any manner, (3) Plaintiff did not propound any discovery to Mr. Melanese or make any attempt  to try to prove up the claim, (4) Plaintiff voluntarily dismissed Mr. Melanese after the year period expired when faced with a  motion for summary judgement asserting he was simply an employee of SeaWorld who did not act in an individual capacity,  own or control the premises, or contributed or witnessed the incident.

**G.     Request for Removal**

31.     Based on the foregoing Defendant SeaWorld LLC respectfully requests that the entire action pending in the Superior Court of the State of California for the County of San Diego styled *Artemisa Elizondo v. SeaWorld Parks & Entertainment, Inc., et al.*, Case No. 37-2018-00057261-CU-PO-CTL, be removed to this Court.

**H.     Answer and Demand for Jury Trial**

32.     Defendant SeaWorld LLC also files its Answer to Plaintiff's Complaint and Demand for Jury Trial herewith.

Dated: May 1, 2020                         INTERNATIONAL PRACTICE GROUP,
                                                      A PROFESSIONAL CORPORATION


                                                      By: _____
                                                           GUILLERMO MARRERO