1   GUILLERMO MARRERO, ESQ., State Bar No. 099056
**INTERNATIONAL PRACTICE GROUP, P.C.**
2   1350 Columbia Street, Suite 500
San Diego, California 92101
3   Telephone: (619) 515-1486
Facsimile: (619) 515-1481
4   gmarrero@ipglaw.com

5   Attorneys for Defendant
SEAWORLD LLC

6

7

8

9

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEMISA ELIZONDO, an individual, | Case No.: **'20 CV0829 BEN BGS** |
| Plaintiff, | **DECLARATION OF GUILLERMO MARRERO IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (B) AND DEMAND FOR JURY TRIAL BY DEFENDANT SEAWORLD LLC** |
| v. | |
| SEAWORLD PARKS & ENTERTAINMENT, INC., | |
| Defendants. | |

INTERNATIONAL PRACTICE GROUP, P.C.

Declaration of Guillermo Marrero in Support of
Notice of Removal of Civil Action Under 28 U.S.C. § 1441 (b) and Demand for Jury Trial

Guillermo Marrero declares:

1.      I am a California licensed attorney, authorized to practice law in the State of California and a shareholder of International Practice Group, P.C., trial counsel of record for defendant SeaWorld LLC and SeaWorld Parks & Entertainment, Inc. in this matter. If called upon to testify, I have personal knowledge of the following matters.

2.      On November 13, 2018, Plaintiff filed the State Court Lawsuit. Attached hereto as **Exhibit 1** is a true and correct copy of the complaint.

3.      Defendant SeaWorld LLC was served with the Summons and Complaint as "SeaWorld LLC" on November 14, 2018.

4.      On December 5, 2018, my former associate, Chelsea Yamabe, contacted Plaintiff's counsel, Raymond Ghermezian and advised him Mr. Melanese was an employee of SeaWorld who should not be named as a Defendant.  That same day, Mr. Ghermezian responded that if Defendant stipulated to keep the case in state court, he would ask Plaintiff if she would dismiss Mr. Melanese.  Attached hereto as **Exhibit 2** is a true and correct copy of the email communication between Ms. Yamabe and Mr. Ghermezian.

5.      On December 13, 2018, Defendant SeaWorld LLC answered the compliant.

6.      On January 22, 2019, Defendant Melanese filed a demurrer asserting that he was improperly named as a party and that the complaint lacked any specific allegations concerning his alleged responsibility.  Attached hereto as **Exhibit 3** is a true and correct copy of the Melanese Demurrer.

7.      On January 22, 2019, Plaintiff served Form Interrogatories and Requests for Production of Documents on SeaWorld LLC. This is the only written discovery propounded by Plaintiff.  Plaintiff has not conducted any discovery written or otherwise as concerns Mr. Melanese.

8.      On April 19, 2019, the Court denied Defendants' Demurrer because of the liberal standard that applies to demurrers.  The court noted that although the complaint failed to assert any facts that Mr. Melanese owned or controlled the premises these issues could be flushed out in discovery. Attached hereto as **Exhibit 4** is a true and correct copy of The Court's minute order.  Thereafter the Plaintiff made no attempt to flush out the facts concerning Mr. Melanese and initiated no discovery.

9.      On February 14, 2020, Mr. Melanese filed a Motion for Summary Judgment to dismiss the complaint because the Plaintiff could not raise a triable issue of fact concerning his ownership and control of the premises.  In support of the motion Mr. Melanese submitted a declaration that asserted he never owned, cleaned, repaired, or designed the restaurant at SeaWorld where the incident occurred.  In addition, Mr. Melanese asserted that he had no involvement with the subject incident, the alleged spill on the floor, or the placement of the wet floor caution sign, and did not witness the accident, was not present in the restaurant at the time of the incident, and was on vacation out of the country on the date of the incident. Attached hereto as **Exhibit 5** is a true and correct copy of the Motion and Mr. Melanese's Declaration.

10.     On April 2, 2020, Plaintiff offered to voluntarily dismiss Mr. Melanese if the Motion for Summary Judgement be taken off calendar. Attached hereto as **Exhibit 6** is a true and correct copy of the email communication offering dismissal.

11.     On April 6, 2020, Defendants filed the Request for Dismissal of Mr. Melanese, which was executed by Plaintiff's counsel, with the San Diego Superior Court.[1] Attached hereto as **Exhibit 7** is a true and correct copy of the request for dismissal.

---

[1]The San Diego Superior Court is closed and has suspended the acceptance of papers and e-File documents through April 30, 2020 due to the COVID-19 outbreak. Therefore, conformed copies of the Request for Dismissal are currently unavailable.

12.     In this case Mr. Melanese was named solely to defeat diversity jurisdiction and to prevent the removal of the case.

13.     Plaintiff's bad faith is demonstrated by the following reasons:

a.  Plaintiff's Email of December 5, 2018 (**See Exhibit 2**), where Plaintiff was willing to dismiss Mr. Melanese if Defendant SeaWorld LLC stipulated to keep the case in state court. Plaintiff's willingness to dismiss Mr. Melanese so quickly at the outset of the case demonstrates she only included Mr. Melanese to defeat diversity.

b.  Plaintiff was aware at the outset of the case that there was no basis for a claim against Mr. Melanese because, as detailed in Defendants' Demurrer, there was no indication that he contributed to Plaintiff's injury in any manner.

c.  Plaintiff did not propound any discovery to Mr. Melanese or make any attempt  to try to prove up the claim prior to agreeing to the dismissal.

d.  Plaintiff's voluntarily dismissal of Mr. Melanese after the year period expired when faced with a  motion for summary judgement asserting he was simply an employee of SeaWorld who did not act in an individual capacity,  own or control the premises, or contributed or witnessed the incident.

*I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Executed this 1st day of May 2020, in San Diego, California, by: _____.

Guillermo Marrero

INTERNATIONAL
PRACTICE GROUP, P.C.

# EXHIBIT 1

 **CT Corporation**

**Service of Process Transmittal**
11/14/2018
CT Log Number 534407839

| | |
|---|---|
| **TO:** | Laurie Beechner<br>SEAWORLD PARKS & ENTERTAINMENT LLC<br>9205 Southpark Center Loop Ste 400<br>Orlando, FL 32819-8651 |

**RE:** **Process Served in California**

**FOR:** SEAWORLD PARKS & ENTERTAINMENT, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ARTEMISA ELIZONDO, etc., Pltf. vs. SEAWORLD PARKS & ENTERTAINMENT, INC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice(s), Attachment(s), Certificate, Stipulation |
| **COURT/AGENCY:** | SAN DIEGO COUNTY - SUPERIOR COURT, CA<br>Case # 37201800057261CUPOCTL |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 06/26/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/14/2018 at 15:37 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 calendar days after this Summons and legal papers are served on you |
| **ATTORNEY(S) / SENDER(S):** | Raymond Ghermezian, Esq.<br>3435 Wilshire Boulevard, Suite 1800<br>Los Angeles, CA 90010<br>323-900-5800 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/15/2018, Expected Purge Date: 11/20/2018<br><br>Image SOP<br><br>Email Notification,  Laurie Beechner  laurie.beechner@seaworld.com<br><br>Email Notification,  Paula Brady  paula.brady@seaworld.com<br><br>Email Notification,  David Perrow  David.Perrow@seaworld.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / NK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SEAWORLD PARKS & ENTERTAINMENT, INC.; STEVEN
MELANESE, an individual, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARTEMISA ELIZONDO, an individual,

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/13/2018** at 12:00:00 AM

Clerk of the Superior Court
By Kristin Sorianosos, Deputy Clerk
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California, San Diego<br><br>330 West Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*  37-2018-00057261-CU-PO-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Raymond Ghermezian, Esq. 3435 Wilshire Boulevard, Suite 1800, Los Angeles, CA 90010; (323)900-5800

| | | | |
|---|---|---|---|
| DATE: 11/14/2018<br>*(Fecha)* | | Clerk, by *K. Sorianosos*<br>*(Secretario)*  K. Sorianosos | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Seaworld Parks & Entertainment, Inc.

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
  ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
  ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
  ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Raymond Ghermezian, Esq. (SBN 198777)
**RAYMOND GHERMEZIAN,**
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90010

Telephone: (323) 900-5800
Facsimile:   (323) 900-5801

Attorney for Plaintiff,
ARTEMISA ELIZONDO

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**11/13/2018** at 12:00:00 AM

Clerk of the Superior Court
By Kristin Sorianosos, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ARTEMISA ELIZONDO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC.; STEVEN MELANESE, an individual, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 37-2018-00057261-CU-PO-CTL<br><br>**COMPLAINT FOR DAMAGES AND PERSONAL INJURIES BASED ON:**<br><br>1. NEGLIGENCE<br>2. PREMISES LIABILITY |

PLAINTIFF, ARTEMISA ELIZONDO, an individual, by and through her attorney alleges as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1.    Plaintiff, **ARTEMISA ELIZONDO,** is, and at all times herein mentioned was, a resident of the County of San Bernardino, in the State of California.

2.    Plaintiff is informed and believes and thereon alleges that defendant **SEAWORLD PARKS & ENTERTAINMENT, INC.,** is, and at all times herein mentioned was, a business entity and authorized to do business in the County of San Diego, State of California.

3.    Plaintiff is informed and believes and thereon allege that defendant **STEVEN**

**1.**

**COMPLAINT FOR DAMAGES**

1  MELANESE is and was at all times mentioned herein, a resident of the
2  County of Los Angeles, State of California.

3  4.      That the true names and capacities, whether individual, corporate, associate
4  or otherwise of defendants, DOES 1 through 100, inclusive, and each DOE
5  in between, are unknown to plaintiff at this time, who therefore sues said
6  defendants by such fictitious names, and that when the true names and
7  capacities of said defendants are ascertained, plaintiff will ask leave of court
8  to amend this complaint accordingly.

9  5.      Plaintiff is informed and believes and therefore alleges that each of the
10  defendants sued herein as a DOE is responsible in some manner for the
11  events and happenings herein referred to and caused injury and damages
12  proximately thereby to plaintiff, as herein alleged.

13  6.      Plaintiff is informed and believes and thereon alleges that defendants, each
14  of them, and DOES 1 through 100, were the agents, alter egos, employees,
15  servants, employers, masters, principals and/or associates of the remaining
16  defendants and each or all of them, and at all times mentioned, were acting
17  within the purpose and scope of such agency, employment, service,
18  partnership and/or association.

19

20  **<u>FIRST CAUSE OF ACTION</u>**
21  **(By Plaintiff ARTEMISA ELIZONDO**
22  **Against Defendant SEAWORLD PARKS & ENTERTAINMENT, INC., STEVEN**
23  **MELANESE**
24  **and Doe Defendants 1 through 50, inclusive)**

25  7.      Plaintiff re-alleges and incorporates herein by reference each and every
26  allegation contained in paragraph 1 through 5 as if set forth fully herein.

27  8.      Plaintiff is informed and believes and thereon alleges that at all times
28  herein mentioned, defendant, **SEAWORLD PARKS &**
**ENTERTAINMENT, INC., STEVEN MELANESE; and DOE defendants 1**

**2.**

---

**COMPLAINT FOR DAMAGES**

1    through 100, inclusive, owned, maintained, controlled, possessed,

2    repaired, inspected, operated, designed, built, managed and cleaned

3    certain walkway surfaces located at its **SEAWORLD PARKS &**

4    **ENTERTAINMENT, INC., STEVEN MELANESE**, located at Explorer's

5    Cafe area, 500 Sea World Drive, San Diego, CA 92109, which were

6    involved in the incident hereinafter described.

7    9.    That on or about June 26, 2018, at the aforementioned time and place,

8          defendant **SEAWORLD PARKS & ENTERTAINMENT, INC., STEVEN**

9          **MELANESE** and DOE defendants 1 through 100, inclusive, so

10         negligently, carelessly and recklessly owned, maintained, controlled,

11         possessed, repaired, inspected, operated, designed, built, managed and

12         cleaned certain walkway surfaces located at its **SEAWORLD PARKS &**

13         **ENTERTAINMENT, INC., STEVEN MELANESE**, located at Explorer's

14         Cafe area, 500 Sea World Drive, San Diego, CA 92109, in a dangerous

15         condition, so as cause plaintiff to slip and fall, thereby proximately causing

16         the plaintiff to sustain injuries and damages as set forth herein.

17   10.   That on or about June 26, 2018, plaintiff was lawfully within defendant

18         **SEAWORLD PARKS & ENTERTAINMENT, INC., STEVEN MELANESE**

19         premises for the mutual benefit of plaintiff and defendants, and each of

20         them, and DOES 1 through 100.

21   11.   That the dangerous condition was known, or, in the exercise of ordinary

22         and reasonable care, should have been known, to defendants, and each

23         of them, and DOES 1 through 100, in adequate time for a reasonable

24         prudent person to have corrected the dangerous condition, or, to have

25         properly warned persons, including plaintiff, of the dangerous condition.

26   12.   That as a proximate and direct result of the dangerous condition, plaintiff,

27         **ARTEMISA ELIZONDO**, has sustained, and in the future is certain to

28         sustain disabling, serious and permanent injuries, pain, suffering and

           mental anguish in connection therewith, all to her general damages

                                      **3.**

                          **COMPLAINT FOR DAMAGES**

1    according to proof.

2    13.    That as a further, direct and proximate result of the dangerous, plaintiff,

3    **ARTEMISA ELIZONDO,** has incurred and will in the future incur medical

4    and sundry expenses in the examination, care and treatment of her

5    injuries, the exact nature and extent of which are unknown to plaintiff at

6    this time, and plaintiff will ask leave of court to amend this complaint in

7    this regard when the same are ascertained.

8    14.    At the time of said injuries, plaintiff, **ARTEMISA ELIZONDO,** was

9    employed in her usual occupation, and as a further proximate result of the

10    conduct of the defendants and each of them, and by reason of said

11    injuries suffered by her, plaintiff was unable to attend her usual

12    occupation and thereby lost earnings and earning capacity.

13    15.    The full amount of such loss of earnings, past and future, is an amount

14    which is currently unknown to plaintiff, and plaintiff will amend this

15    complaint to state the full amount of such damages when the same

16    become known to her, or upon proof thereof.

17

18    **SECOND CAUSE OF ACTION FOR PREMISES LIABILITIES**

19    **(Against Defendants SEAWORLD PARKS & ENTERTAINMENT, INC., STEVEN**

20    **MELANESE   and Doe Defendants 1 through 100, inclusive)**

21

22    16.    Plaintiff re-alleges and incorporates herein by reference each and every

23    allegation contained in paragraph 1 through 15as if set forth fully herein.

24    17.    Plaintiff is informed and believes and thereon alleges that at all times

25    herein mentioned, defendants, **SEAWORLD PARKS &**

26    **ENTERTAINMENT, INC., STEVEN MELANESE** and DOE defendants 1

27    through 100, inclusive, owned, maintained, controlled, possessed,

28    repaired, inspected, operated, designed, built, managed and cleaned

certain walkway, located at Explorer's Cafe area, 500 Sea World Drive,

**4.**

**COMPLAINT FOR DAMAGES**

1   San Diego, CA 92109 , which was involved in the incident hereinafter

2   described.

3   18.   That on or about June 26, 2018, at the aforementioned time and place,

4   defendant, and DOE defendants 1 through 100, inclusive, so negligently,

5   carelessly and recklessly owned, maintained, controlled, possessed,

6   repaired, inspected, operated, designed, built, managed and cleaned

7   certain walkway's surfaces located at **SEAWORLD PARKS &**

8   **ENTERTAINMENT, INC., STEVEN MELANESE** , located at Explorer's

9   Cafe area, 500 Sea World Drive,  San Diego, CA 92109 , in a dangerous

10   condition, so as to cause plaintiff to slip while using the walkway at the

11   location, thereby proximately causing the plaintiff to sustain damages as

12   set forth herein.

13   19.   That on or about June 26, 2018, plaintiff was lawfully within defendant

14   **SEAWORLD PARKS & ENTERTAINMENT, INC., STEVEN MELANESE**

15   premises for the mutual benefit of plaintiff and defendant, and each of

16   them, and DOES 1 through 100.

17   20.   That the dangerous condition was known, or, in the exercise of ordinary

18   and reasonable care, should have been known, to defendant, and each of

19   them, and DOES 1 through 100, in adequate time for a reasonable

20   prudent person to have corrected the dangerous condition, or, to have

21   properly warned persons, including plaintiff, of the dangerous condition.

22   21.   That as a proximate and direct result of the dangerous condition, plaintiff

23   **ARTEMISA ELIZONDO**, has sustained, and in the future is certain to

24   sustain disabling, serious and permanent injuries, pain, suffering and

25   mental anguish in connection therewith, all to her general damages

26   according to proof.

27   22.   That as a further, direct and proximate result of the dangerous, plaintiff,

28   **ARTEMISA ELIZONDO**, has incurred and will in the future incur medical

and sundry expenses in the examination, care and treatment of her

**5.**

**COMPLAINT FOR DAMAGES**

1   injuries, the exact nature and extent of which are unknown to plaintiff at

2   this time, and plaintiff will ask leave of court to amend this complaint in

3   this regard when the same are ascertained.

4   23.   At the time of said injuries, plaintiff, **ARTEMISA ELIZONDO**, was

5   employed in her usual occupation, and as a further proximate result of the

6   conduct of the defendant and each of them, and by reason of said injuries

7   suffered by her, plaintiff was unable to attend her usual occupation and

8   thereby lost earnings and earning capacity.

9   24.   The full amount of such loss of earnings, past and future, is an amount

10  which is currently unknown to plaintiff, and plaintiff will amend this

11  complaint to state the full amount of such damages when the same

12  become known to him, or upon proof thereof.

13  **WHEREFORE**, plaintiff prays for judgment against the defendants, and each of

14  them, as follows:

## AS TO ALL CAUSES OF ACTION

16  1.   For general damages according to proof;

17  2.   For special damages for X-ray, medical and sundry expenses, according

18  to proof;

19  3.   For loss of earnings and earning capacity, according to proof;

20  4.   For the costs of suit incurred herein; and

21  5.   For such other and further relief as the Court may deem

22  just and proper.

23  DATED: November 12, 2018        RAYMOND GHERMEZIAN,
                                     A PROFESSIONAL LAW CORPORATION

25                                   BY: _____
                                         RAYMOND GHERMEZIAN
26                                       ATTORNEY FOR PLAINTIFF

27

28

6.

**COMPLAINT FOR DAMAGES**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Raymond Ghermezian, Esq. (SBN: 198777)<br>RAYMOND GHERMEZIAN, A PROFESSIONAL LAW CORPORATION<br>3435 Wilshire Boulevard, Suite 1800<br>Los Angeles, CA 90010<br>TELEPHONE NO.: (323) 900-5800   FAX NO.: (323) 900-5801<br>ATTORNEY FOR *(Name)*: Plaintiff, Artemisa Elizondo | FOR COURT USE ONLY<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**11/13/2018** at 12:00:00 AM<br>Clerk of the Superior Court<br>By Kristin Sorianosos, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central District

CASE NAME:
Elizondo v. Seaworld Parks and Entertainment, Inc., et al.

| **CIVIL CASE COVER SHEET** | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2018-00057261-CU-PO-CTL |

JUDGE: Judge Richard S. Whitney
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 12, 2018
Raymond Ghermezian, Esq.

(TYPE OR PRINT NAME)          ▶          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT 2

*Direct: (619) 515-1486*

*Facsimile: (619) 515-1481*

*Email: chelsea@ipglaw.com*

*Website:www.ipglaw.com*

**From:** raymond ghermezianlaw.com <raymond@ghermezianlaw.com>
**Sent:** Wednesday, December 5, 2018 2:03 PM
**To:** Chelsea Yamabe Madsen <Chelsea@ipglaw.com>
**Cc:** Guillermo Marrero <GMarrero@ipglaw.com>; Naveed Abaie <nabaie@ipglaw.com>; ADMIN @IPG <admin2ipg@ipglaw.com>
**Subject:** RE: Elizondo v. SeaWorld: Steve Melanese

Hi. I will be in tomorrow to discuss.

It relates to video surveillance.

If you stip to keep in state court, I can ask client if she will dismiss.

**From:** Chelsea Yamabe Madsen <Chelsea@ipglaw.com>
**Sent:** Wednesday, December 05, 2018 1:59 PM
**To:** raymond ghermezianlaw.com <raymond@ghermezianlaw.com>
**Cc:** Guillermo Marrero <GMarrero@ipglaw.com>; Naveed Abaie <nabaie@ipglaw.com>; ADMIN @IPG <admin2ipg@ipglaw.com>
**Subject:** Elizondo v. SeaWorld: Steve Melanese

Dear Mr. Ghermezian:

This office represents SeaWorld LLC, who was erroneously sued as "SeaWorld Parks & Entertainment, Inc.", and Defendant Steven Melanese, in the above-referenced matter. Please give me a call at your earliest convenience. I would like to get some clarification as to why Mr. Melanese, an employee of SeaWorld LLC, was named in Plaintiff's complaint. We are considering filing a demurrer on Mr. Melanese's behalf. Thank you.

4

Sincerely,



**Chelsea Yamabe Madsen**

*International Practice Group*

*1350 Columbia Street, Suite 500*

*San Diego, California, 92101*

*Direct: (619) 515-1486*

*Facsimile: (619) 515-1481*

*Email: chelsea@ipglaw.com*

*Website:www.ipglaw.com*

# EXHIBIT 3

GUILLERMO MARRERO, ESQ., State Bar No. 099056
CHELSEA YAMABE, ESQ., State Bar No. 272852
**INTERNATIONAL PRACTICE GROUP, P.C.**
1350 Columbia Street, Suite 500
San Diego, California 92101
Telephone: (619) 515-1486
Facsimile: (619) 515-1481

Attorneys for Defendants
SEAWORLD LLC, erroneously sued as
"SeaWorld Parks & Entertainment, Inc.";
and STEVEN MELANESE

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/22/2019** at 12:15:00 PM
Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

## CENTRAL DIVISION – HALL OF JUSTICE

| | |
|---|---|
| ARTEMISA ELIZONDO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SEAWORLD PARKS &<br>ENTERTAINMENT, INC.; STEVEN<br>MELANESE, an individual; and DOES 1<br>through 100, inclusive,<br><br>Defendants. | Case No.: 37-2018-00057261-CU-PO-CTL<br><br>**NOTICE OF DEMURRER AND<br>DEMURRER OF DEFENDANT STEVEN<br>MELANESE**<br><br>Date: April 19, 2019<br>Time: 10:30 a.m<br>Dept.: C-68<br>Judge: Hon. Richard S. Whitney |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**YOU ARE HEREBY NOTICED** that on April 19, 2019, at 10:30 a.m., or as soon thereafter as the matter may be heard, in Department C-68 of the above-entitled Court, located at 330 West Broadway, San Diego, California 92101, Defendant Steven Melanese ("Mr. Melanese") will and hereby does demur to the Complaint filed by Plaintiff Artemisa Elizondo ("Plaintiff").

The demurrer is made pursuant to California Code of Civil Procedure § 430.10 *et seq*. on the following legal grounds:

1. The complaint fails to sufficiently allege that Mr. Melanese is properly joined with Defendant SeaWorld LLC as a defendant in this action. California Code of Civil Procedure § 430.10 (d); California Code of Civil Procedure § 379 (a)(1).

2. The complaint is uncertain and ambiguous as to Mr. Melanese, instead presenting an impermissible "shotgun" mass of unclear allegations that group Mr. Melanese, Defendant SeaWorld LLC, and Doe Defendants together. California Code of Civil Procedure § 430.10 (f).

This Demurrer is based upon the instant Notice and Demurrer, the Memorandum of Points and Authorities, the Declaration of Chelsea Yamabe, all pleadings on file in this action, and any other evidence or argument permitted at the hearing on this Demurrer.

Respectfully submitted,

Dated:  January 22, 2019

**INTERNATIONAL PRACTICE GROUP,
A PROFESSIONAL CORPORATION**

By: _____

GUILLERMO MARRERO
CHELSEA YAMABE
*Attorneys for Defendants*
SeaWorld LLC and Steven Melanese

1   GUILLERMO MARRERO, ESQ., State Bar No. 099056
2   CHELSEA YAMABE, ESQ., State Bar No. 272852
    **INTERNATIONAL PRACTICE GROUP, P.C.**
3   1350 Columbia Street, Suite 500
    San Diego, California 92101
4   Telephone: (619) 515-1486
    Facsimile: (619) 515-1481
5
6   Attorneys for Defendants
    SEAWORLD LLC, erroneously sued as
7   "SeaWorld Parks & Entertainment, Inc.";
    and STEVEN MELANESE
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/22/2019** at 12:15:00 PM
Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF SAN DIEGO**

11              **CENTRAL DIVISION – HALL OF JUSTICE**

12   ARTEMISA ELIZONDO, an individual,        Case No.: 37-2018-00057261-CU-PO-CTL

13              Plaintiff,                     **DECLARATION OF CHELSEA YAMABE
                                               IN SUPPORT OF DEMURRER OF
14          v.                                 DEFENDANT STEVEN MELANESE**

15   SEAWORLD PARKS &                          Date: April 19, 2019
     ENTERTAINMENT, INC.; STEVEN              Time: 10:30 a.m
16   MELANESE, an individual; and DOES 1      Dept.: C-68
     through 100, inclusive,                   Judge: Hon. Richard S. Whitney
17
                Defendants.
18

19

20

21

22

23

24

25

26

27

28

Chelsea Yamabe declares as follows:

1.      I am an attorney licensed to practice law before all courts of the State of California, and I am an attorney at International Practice Group, P.C. counsel of record for Defendant Steven Melanese and Defendant SeaWorld LLC in the above-referenced action.

2.      I have personal knowledge of the matters set forth herein, and if called upon to testify as a witness regarding same, I could and would do so competently.

3.      I make this declaration in support of Defendant Steven Melanese's ("Mr. Melanese") demurrer to the complaint filed by Plaintiff Artemisa Elizondo ("Plaintiff").

4.      On November 13, 2018, Plaintiff filed a complaint for personal injuries, alleging causes of action for negligence and premises liability against SeaWorld[1], Mr. Melanese and Doe Defendants.

5.      On November 21, 2018, Mr. Melanese was personally served with the summons and complaint, making his responsive pleading due on December 21, 2018.

6.      On December 3, 2018, I called the office of Plaintiff's counsel Raymond Ghermezian in order to initiate the telephonic meet and confer process required by code. No one answered the phone, so I left a voicemail for Mr. Ghermezian identifying myself and my clients, requesting clarification as to why Mr. Melanese was named in Plaintiff's complaint, indicating my intent to file a demurrer on Mr. Melanese's behalf, and requesting a return phone call to meet and confer regarding the foregoing. I did not receive a return phone call.

7.      On December 5, 2018, I sent Mr. Ghermezian an email, again introducing myself and my clients, seeking clarification as to why Mr. Melanese was named in Plaintiff's complaint, indicating my intent to file a demurrer on Mr. Melanese's behalf, and requesting a return phone call to meet and confer regarding the foregoing. True and correct copies of my email communications with Mr. Ghermezian are attached hereto as **Exhibit 1**. Later that afternoon, Mr. Ghermezian responded to my email, stating: "*I will be in tomorrow to discuss. It relates to video surveillance. If*

---

[1] SeaWorld was served with the Summons and Complaint on November 14, 2018, and timely filed its Answer on December 13, 2018.

1  *you stip to keep in state court, I can ask client if she will dismiss*." *See* **Exhibit 1, page 4.**

2        8.     On December 6, 2018, I replied to Mr. Ghermezian's email requesting a call at 2:00

3  p.m. that day to discuss the contents of his email. Mr. Ghermezian responded, confirming his

4  availability for a phone call at 2:00 p.m. that day. *See* **Exhibit 1, page 3**. Accordingly, I called Mr.

5  Ghermezian's office at 2:00 p.m. No one answered the phone, and I left another voicemail for Mr.

6  Ghermezian requesting a return phone call and stating all dates and times during which she was

7  available. Additionally, I emailed Mr. Ghermezian stating that I had called his office at the appointed

8  time and left a voicemail. Again, I requested a return phone call. *See* **Exhibit 1, page 2**. I did not

9  receive a return phone call.

10        9.     On December 10, 2018, I called Mr. Ghermezian's office again. No one answered,

11  and I left a voicemail indicating the reason for my call and requesting a return phone call. I then sent

12  Mr. Ghermezian a further follow-up email, stating that I had called and left him a voicemail earlier

13  that day and requesting a return phone call or in the alternative, a firm date and time for a phone call.

14  I stated that I needed to meet and confer with him telephonically regarding my intentions to file a

15  demurrer to Plaintiff's complaint on behalf of Mr. Melanese, as required by code. I further stated that

16  I was unclear as to how video surveillance related to Mr. Melanese and the allegations of the

17  complaint. *See* **Exhibit 1, page 1**.

18        10.    On December 11, 2018, Mr. Ghermezian replied to my email indicating that he would

19  be out of the office "until Monday," or December 17, 2018. I responded to Mr. Ghermezian via

20  email a few minutes later, confirming that that he would be unable to meet and confer telephonically

21  regarding Mr. Melanese's proposed demurrer as required by code, until December 17, 2018. I also

22  advised Mr. Ghermezian that my office would be filing a declaration obtaining an automatic 30-day

23  extension of Mr. Melanese's time to file his responsive pleadings due to Mr. Ghermezian's inability

24  to meet and confer telephonically prior to Friday, December 14, 2018, the deadline for the parties to

25  complete the telephonic meet and confer process required by code. *See* **Exhibit 1, page 1**. I did not

26  receive a response to my email.

27  / / /

28  / / /

Declaration of Chelsea Yamabe in Support of Demurrer of Defendant Steven Melanese

11.     On December 13, 2018, I filed the relevant declaration, thereby extending Mr. Melanese's time to file a responsive pleading to January 22, 2019.[2]

12.     On January 3, 2019, I emailed Mr. Ghermezian regarding his availability to telephonically meet and confer to discuss Mr. Melanese's proposed demurrer. Mr. Ghermezian responded later that day by stating that he would be "out until next week." Minutes later I replied that I would be available to meet at his convenience next "Monday or Tuesday." True and correct copies of my email communications with Mr. Ghermezian are attached hereto **Exhibit 2**. Mr. Ghermezian did not respond further. *See* **Exhibit 2, page 2.**

13.     On January 7, 2019, I sent a follow up email to Mr. Ghermezian confirming my availability for that day and the following day. Again, Mr. Ghermezian did not respond. *See* **Exhibit 2, page 1**.

14.     On January 8, 2019, I called Mr. Ghermezian's office with the intention of discussing the demurrer. I was informed that he was unavailable and instructed to leave him a voicemail, which I did, indicating the reason for my call and requesting a return phone call. I followed up the voicemail with an email to the same effect. Mr. Ghermezian did not respond. *See* **Exhibit 2, page 1.**

15.     On January 16, 2019, I called Mr. Ghermezian's office in a final attempt to meet and confer with him telephonically regarding the instant demurrer. I was informed that he was with a client and not available and left him a voicemail stating the reason for my call and requesting a return phone call. I did not receive a return phone call.

16.     As of the execution and filing of this demurrer I have been unable to telephonically meet and confer with counsel for Plaintiff as required per code.

*I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Executed this 22nd day of January 2019, in San Diego, California, by: _____.

Chelsea Yamabe

[2] The thirtieth day after December 21, 2018, is January 20, 2019, a Sunday. Since Monday, January 21, 2019, is a court holiday, Mr. Melanese's time to file a responsive pleading is Tuesday, January 22, 2019, pursuant to California Code of Civil Procedure.

Declaration of Chelsea Yamabe in Support of Demurrer of Defendant Steven Melanese

# EXHIBIT 1

| From: | Chelsea Yamabe Madsen |
|---|---|
| Sent: | Tuesday, December 11, 2018 8:50 AM |
| To: | raymond ghermezianlaw.com |
| Cc: | ADMIN @IPG; Guillermo Marrero; Naveed Abaie |
| Subject: | RE: Elizondo v. SeaWorld: Steve Melanese |

Good morning. Thank you for your response. This email shall confirm that you are unable to meet and confer telephonically regarding Mr. Melanese's proposed demurrer, as required by code, until December 17th. Please be advised that my office will be filing a declaration obtaining an automatic 30-day extension of Mr. Melanese's time to file his demurrer due to your office's inability to meet and confer telephonically prior to this Friday, December 14th, which is the deadline for the parties to complete such a meeting confer by code. Thank you.

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: "raymond ghermezianlaw.com" <raymond@ghermezianlaw.com>
Date: 12/11/18 8:30 AM (GMT-08:00)
To: Chelsea Yamabe Madsen <Chelsea@ipglaw.com>
Cc: "ADMIN @IPG" <admin2ipg@ipglaw.com>, Guillermo Marrero <GMarrero@ipglaw.com>
Subject: RE: Elizondo v. SeaWorld: Steve Melanese

Hi, I am out until Monday.

From: Chelsea Yamabe Madsen <Chelsea@ipglaw.com>
Sent: Monday, December 10, 2018 11:45 AM
To: raymond ghermezianlaw.com <raymond@ghermezianlaw.com>
Cc: ADMIN @IPG <admin2ipg@ipglaw.com>; Guillermo Marrero <GMarrero@ipglaw.com>
Subject: RE: Elizondo v. SeaWorld: Steve Melanese

Dear Mr. Ghermezian:

I called your office earlier and left a voicemail re: my previous emails. Please give me a call at your earliest convenience so that we may meet and confer telephonically as required by code, or in the alternative, propose a firm date and time for a call. I am unclear as to what you mean re: video surveillance and how that relates to Mr. Melanese, and still intend to file a demurrer on his behalf. Thank you.

Sincerely,

1



## Chelsea Yamabe Madsen

*International Practice Group*

*1350 Columbia Street, Suite 500*

*San Diego, California, 92101*

*Direct: (619) 515-1486*

*Facsimile: (619) 515-1481*

*Email: chelsea@ipglaw.com*

*Website:www.ipglaw.com*

**From:** Chelsea Yamabe Madsen
**Sent:** Thursday, December 6, 2018 2:04 PM
**To:** 'raymond ghermezianlaw.com' <raymond@ghermezianlaw.com>
**Cc:** ADMIN @IPG <admin2ipg@ipglaw.com>
**Subject:** RE: Elizondo v. SeaWorld: Steve Melanese

Just called your office and left a voicemail. Please call me at 619.515.1486. I will be in the office today until 4:30.

Thank you,



## Chelsea Yamabe Madsen

*International Practice Group*

*1350 Columbia Street, Suite 500*

*San Diego, California, 92101*

*Direct: (619) 515-1486*

*Facsimile: (619) 515-1481*

*Email:* chelsea@ipglaw.com

*Website:www.ipglaw.com*

**From:** raymond ghermezianlaw.com <raymond@ghermezianlaw.com>
**Sent:** Thursday, December 6, 2018 1:34 PM
**To:** Chelsea Yamabe Madsen <Chelsea@ipglaw.com>
**Cc:** Guillermo Marrero <GMarrero@ipglaw.com>; Naveed Abaie <nabaie@ipglaw.com>; ADMIN @IPG
<admin2ipg@ipglaw.com>
**Subject:** RE: Elizondo v. SeaWorld: Steve Melanese

Yes.

**From:** Chelsea Yamabe Madsen <Chelsea@ipglaw.com>
**Sent:** Thursday, December 06, 2018 12:26 PM
**To:** raymond ghermezianlaw.com <raymond@ghermezianlaw.com>
**Cc:** Guillermo Marrero <GMarrero@ipglaw.com>; Naveed Abaie <nabaie@ipglaw.com>; ADMIN @IPG
<admin2ipg@ipglaw.com>
**Subject:** RE: Elizondo v. SeaWorld: Steve Melanese

Hi Mr. Ghermezian:

Are you available to discuss this matter via phone today at 2 p.m.? Seeking clarification re: your email.

Sincerely,



*Chelsea Yamabe Madsen*

*International Practice Group*

*1350 Columbia Street, Suite 500*

*San Diego, California, 92101*

*Direct: (619) 515-1486*

*Facsimile: (619) 515-1481*

*Email: chelsea@ipglaw.com*

*Website:www.ipglaw.com*

**From:** raymond ghermezianlaw.com <raymond@ghermezianlaw.com>
**Sent:** Wednesday, December 5, 2018 2:03 PM
**To:** Chelsea Yamabe Madsen <Chelsea@ipglaw.com>
**Cc:** Guillermo Marrero <GMarrero@ipglaw.com>; Naveed Abaie <nabaie@ipglaw.com>; ADMIN @IPG <admin2ipg@ipglaw.com>
**Subject:** RE: Elizondo v. SeaWorld: Steve Melanese

Hi. I will be in tomorrow to discuss.

It relates to video surveillance.

If you stip to keep in state court, I can ask client if she will dismiss.

**From:** Chelsea Yamabe Madsen <Chelsea@ipglaw.com>
**Sent:** Wednesday, December 05, 2018 1:59 PM
**To:** raymond ghermezianlaw.com <raymond@ghermezianlaw.com>
**Cc:** Guillermo Marrero <GMarrero@ipglaw.com>; Naveed Abaie <nabaie@ipglaw.com>; ADMIN @IPG <admin2ipg@ipglaw.com>
**Subject:** Elizondo v. SeaWorld: Steve Melanese

Dear Mr. Ghermezian:

This office represents SeaWorld LLC, who was erroneously sued as "SeaWorld Parks & Entertainment, Inc.", and Defendant Steven Melanese, in the above-referenced matter. Please give me a call at your earliest convenience. I would like to get some clarification as to why Mr. Melanese, an employee of SeaWorld LLC, was named in Plaintiff's complaint. We are considering filing a demurrer on Mr. Melanese's behalf. Thank you.

4

Sincerely,



*Chelsea Yamabe Madsen*

*International Practice Group*

*1350 Columbia Street, Suite 500*

*San Diego, California, 92101*

*Direct: (619) 515-1486*

*Facsimile: (619) 515-1481*

*Email:* chelsea@ipglaw.com

*Website:www.ipglaw.com*

# EXHIBIT 2

| | |
|---|---|
| **From:** | Chelsea Yamabe Madsen |
| **To:** | "raymond ghermezianlaw.com" |
| **Cc:** | Guillermo Marrero; ADMIN @IPG |
| **Subject:** | RE: [Elizondo v. SeaWorld] Meet & Confer re: Demurrer & Motion to Strike |
| **Date:** | Tuesday, January 8, 2019 3:59:00 PM |

Hi Mr. Ghermezian,

I just called your office hoping to speak with you, and you were not at your desk, so I left you a voicemail. Please call me at your earliest convenience. I am available today until 5 p.m. and tomorrow between 2 p.m. and 6 p.m. Thank you.

Sincerely,



*Chelsea Yamabe Madsen*

*International Practice Group*
*1350 Columbia Street, Suite 500*
*San Diego, California, 92101*
*Direct: (619) 515-1486*
*Facsimile: (619) 515-1481*
*Email: chelsea@ipglaw.com*
*Website:www.ipglaw.com*

---

**From:** Chelsea Yamabe Madsen
**Sent:** Monday, January 7, 2019 1:27 PM
**To:** 'raymond ghermezianlaw.com' <raymond@ghermezianlaw.com>
**Cc:** Guillermo Marrero <GMarrero@ipglaw.com>; ADMIN @IPG <admin2ipg@ipglaw.com>
**Subject:** RE: [Elizondo v. SeaWorld] Meet & Confer re: Demurrer & Motion to Strike

Good afternoon:

Following up on my previous email. My schedule remains open today and tomorrow. Please advise.

Sincerely,



*Chelsea Yamabe Madsen*

*International Practice Group*
*1350 Columbia Street, Suite 500*
*San Diego, California, 92101*
*Direct: (619) 515-1486*
*Facsimile: (619) 515-1481*
*Email: chelsea@ipglaw.com*
*Website:www.ipglaw.com*

**From:** Chelsea Yamabe Madsen
**Sent:** Thursday, January 3, 2019 2:07 PM
**To:** 'raymond ghermezianlaw.com' <raymond@ghermezianlaw.com>
**Cc:** Guillermo Marrero <GMarrero@ipglaw.com>; ADMIN @IPG <admin2ipg@ipglaw.com>
**Subject:** RE: [Elizondo v. SeaWorld] Meet & Confer re: Demurrer & Motion to Strike

I can be available via phone at your convenience on Monday or Tuesday; please advise which date and time works for you.

Thank you,



*Chelsea Yamabe Madsen*
*International Practice Group*
*1350 Columbia Street, Suite 500*
*San Diego, California, 92101*
*Direct: (619) 515-1486*
*Facsimile: (619) 515-1481*
*Email:* chelsea@ipglaw.com
*Website:www.ipglaw.com*

**From:** raymond ghermezianlaw.com <raymond@ghermezianlaw.com>
**Sent:** Thursday, January 3, 2019 1:59 PM
**To:** Chelsea Yamabe Madsen <Chelsea@ipglaw.com>
**Cc:** Guillermo Marrero <GMarrero@ipglaw.com>; ADMIN @IPG <admin2ipg@ipglaw.com>
**Subject:** RE: [Elizondo v. SeaWorld] Meet & Confer re: Demurrer & Motion to Strike

I will be out until next week.

**From:** Chelsea Yamabe Madsen <Chelsea@ipglaw.com>
**Sent:** Thursday, January 03, 2019 1:52 PM
**To:** raymond ghermezianlaw.com <raymond@ghermezianlaw.com>
**Cc:** Guillermo Marrero <GMarrero@ipglaw.com>; ADMIN @IPG <admin2ipg@ipglaw.com>
**Subject:** [Elizondo v. SeaWorld] Meet & Confer re: Demurrer & Motion to Strike

Good afternoon Mr. Ghermezian:

Are you available tomorrow at 2 p.m. to telephonically meet and confer re: Mr. Melanese's proposed demurrer and accompanying motion to strike? If not, please propose alternative dates and times within the next few days.

I will also be in the office for the remainder of the afternoon today.

Sincerely,



## Chelsea Yamabe Madsen

*International Practice Group*
*1350 Columbia Street, Suite 500*
*San Diego, California, 92101*
*Direct: (619) 515-1486*
*Facsimile: (619) 515-1481*
*Email: chelsea@ipglaw.com*
*Website:www.ipglaw.com*

GUILLERMO MARRERO, ESQ., State Bar No. 099056
CHELSEA YAMABE, ESQ., State Bar No. 272852
**INTERNATIONAL PRACTICE GROUP, P.C.**
1350 Columbia Street, Suite 500
San Diego, California 92101
Telephone: (619) 515-1486
Facsimile: (619) 515-1481

Attorneys for Defendants
SEAWORLD LLC, erroneously sued as
"SeaWorld Parks & Entertainment, Inc.";
and STEVEN MELANESE

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/22/2019** at 12:15:00 PM
Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

## CENTRAL DIVISION – HALL OF JUSTICE

| | |
|---|---|
| ARTEMISA ELIZONDO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC.; STEVEN MELANESE, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 37-2018-00057261-CU-PO-CTL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER OF DEFENDANT STEVEN MELANESE**<br><br>Date: April 19, 2019<br>Time: 10:30 a.m<br>Dept.: C-68<br>Judge: Hon. Richard S. Whitney |

## I.    PRELIMINARY STATEMENT

This suit for personal injuries arises out of an alleged fall that occurred on June 26, 2018, in the Explorer's Reef Café at SeaWorld San Diego. Plaintiff Artemisa Elizondo's ("Plaintiff") Complaint names Steven Melanese ("Mr. Melanese") and SeaWorld LLC, erroneously sued as "SeaWorld Parks & Entertainment, Inc." ("SeaWorld") as Defendants. Mr. Melanese presents the instant demurrer to Plaintiff's Complaint, which fails to plead any facts specific to Mr. Melanese, instead generalizing SeaWorld, Mr. Melanese, and all Doe Defendants together: (1) presenting a defect in the allegations regarding joinder of Defendants and (2) rendering the Complaint impermissibly uncertain and ambiguous as to Mr. Melanese. Over the course of several weeks, counsel for Mr. Melanese made numerous attempts to meet and confer telephonically with Plaintiff's counsel regarding the instant demurrer as required by law, to no avail. Accordingly, Mr. Melanese requests that this Court sustain his demurrer without leave to amend.

## II.    RELEVANT FACTUAL BACKGROUND

On November 13, 2018, Plaintiff filed a complaint for personal injuries, alleging causes of action for negligence and premises liability against SeaWorld[1], Mr. Melanese and Doe Defendants. Declaration of Chelsea Yamabe ("Yamabe Decl."), ¶ 4.

On November 21, 2018, Mr. Melanese was personally served with the summons and complaint, making his responsive pleading due on December 21, 2018. Yamabe Decl., ¶ 5.

On December 3, 2018, Chelsea Yamabe, counsel for Mr. Melanese, called the office of Plaintiff's counsel Raymond Ghermezian in order to initiate the telephonic meet and confer process required by code. No one answered the phone, so Ms. Yamabe left a voicemail for Mr. Ghermezian identifying herself and her clients, requesting clarification as to why Mr. Melanese was named in Plaintiff's complaint, indicating her intent to file a demurrer on Mr. Melanese's behalf, and requesting a return phone call to meet and confer regarding the foregoing. Ms. Yamabe did not receive a return phone call. Yamabe Decl., ¶ 6.

---

[1] SeaWorld was served with the Summons and Complaint on November 14, 2018, and timely filed its Answer on December 13, 2018.

1   On December 5, 2018, Ms. Yamabe sent Mr. Ghermezian an email, again introducing herself

2   and her clients, seeking clarification as to why Mr. Melanese was named in Plaintiff's complaint,

3   indicating her intent to file a demurrer on Mr. Melanese's behalf, and requesting a return phone call

4   to meet and confer regarding the foregoing. Later that afternoon, Mr. Ghermezian responded to Ms.

5   Yamabe's email, stating: "*I will be in tomorrow to discuss. It relates to video surveillance. If you stip*

6   *to keep in state court, I can ask client if she will dismiss*." Yamabe Decl., ¶ 7, and **Exhibit 1** thereto,

7   page 4.

8   On December 6, 2018, Ms. Yamabe replied to Mr. Ghermezian's email requesting a call at

9   2:00 p.m. that day to discuss the contents of his email. Mr. Ghermezian responded, confirming his

10   availability for a phone call at 2:00 p.m. that day. [**Exhibit 1** to Yamabe Decl., page 3.] Accordingly,

11   Ms. Yamabe called Mr. Ghermezian's office at 2:00 p.m. No one answered the phone, and Ms.

12   Yamabe left another voicemail for Mr. Ghermezian requesting a return phone call and stating all

13   dates and times during which she was available. Additionally, Ms. Yamabe emailed Mr. Ghermezian

14   stating that she had called his office at the appointed time and left a voicemail. Again, Ms. Yamabe

15   requested a return phone call. [**Exhibit 1** to Yamabe Decl., page 2.] Ms. Yamabe did not receive a

16   return phone call. Yamabe Decl., ¶ 8.

17   On December 10, 2018, Ms. Yamabe called Mr. Ghermezian's office again. No one

18   answered, and she left a voicemail indicating the reason for her call and requesting a return phone

19   call. Ms. Yamabe then sent Mr. Ghermezian a further follow-up email, stating that she had called

20   and left him a voicemail earlier that day and requesting a return phone call or in the alternative, a

21   firm date and time for a phone call. Ms. Yamabe stated that she needed to meet and confer with him

22   telephonically regarding her intentions to file a demurrer to Plaintiff's complaint on behalf of Mr.

23   Melanese, as required by code. Ms. Yamabe further stated that she was unclear as to how video

24   surveillance related to Mr. Melanese and the allegations of the complaint. [**Exhibit 1** to Yamabe

25   Decl., page 1.] Yamabe Decl., ¶ 9.

26   On December 11, 2018, Mr. Ghermezian replied to her email indicating that he would be out

27   of the office "*until Monday*," or December 17, 2018. Ms. Yamabe responded to Mr. Ghermezian via

28   email a few minutes later, confirming that that he would be unable to meet and confer telephonically

regarding Mr. Melanese's proposed demurrer as required by code, until December 17, 2018. Ms. Yamabe also advised Mr. Ghermezian that her office would be filing a declaration obtaining an automatic 30-day extension of Mr. Melanese's time to file his responsive pleadings due to Mr. Ghermezian's inability to meet and confer telephonically prior to Friday, December 14, 2018, the deadline for the parties to complete the telephonic meet and confer process required by code. [**Exhibit 1** to Yamabe Decl., page 1.] Ms. Yamabe did not receive a response to her email. Yamabe Decl., ¶ 10.

On December 13, 2018, Ms. Yamabe filed the relevant declaration, thereby extending Mr. Melanese's time to file a responsive pleading to January 22, 2019.[2] Yamabe Decl., ¶ 11.

On January 3, 2019, Ms. Yamabe emailed Mr. Ghermezian regarding his availability to telephonically meet and confer to discuss Mr. Melanese's proposed demurrer. Mr. Ghermezian responded later that day by stating that he would be "*out until next week.*" Minutes later Ms. Yamabe replied she would be available to meet at his convenience next "*Monday or Tuesday.*" *See* **Exhibit 2,** to Yamabe Decl. page 2. Mr. Ghermezian did not respond further. Yamabe Decl., ¶ 12.

On January 7, 2019, Ms. Yamabe sent a follow up email to Mr. Ghermezian confirming her availability for that day and the following day. Again, Mr. Ghermezian did not respond. [**Exhibit 2** to Yamabe Decl., page 2]. Yamabe Decl., ¶ 13.

On January 8, 2019, Ms. Yamabe called Mr. Ghermezian's office with the intention of discussing the demurrer. She was informed that he was unavailable and instructed to leave him a voicemail, which she did, indicating the reason for her call and requesting a return phone call. She followed up the voicemail with an email to the same effect. Mr. Ghermezian did not respond. [**Exhibit 2** to Yamabe Decl., page 1]. Yamabe Decl., ¶ 14.

On January 16, 2019, Ms. Yamabe called Mr. Ghermezian's office in a final attempt to meet and confer with him telephonically regarding the instant demurrer. She was informed that he was

---

[2] The thirtieth day after December 21, 2018, is January 20, 2019, a Sunday. Since Monday, January 21, 2019, is a court holiday, Mr. Melanese's time to file a responsive pleading is Tuesday, January 22, 2019, pursuant to California Code of Civil Procedure.

Memorandum of Points and Authorities in Support of Demurrer of Defendant Steven Melanese

1   with a client and not available and left him a voicemail stating the reason for her call and requesting

2   a return phone call. Ms. Yamabe did not receive a return phone call. Yamabe Decl., ¶ 15.

3        As of the execution and filing of this demurrer Ms. Yamabe has been unable to

4   telephonically meet and confer with counsel for Plaintiff as required per code. Yamabe Decl., ¶ 16.

5   **III.    LEGAL STANDARDS APPLICABLE TO DEMURRERS**

6        "When any ground for an objection to a complaint appears on the face thereof, the objection

7   on that ground may be taken by demurrer to the pleading." California Code of Civil Procedure §

8   430.30 (a). A demurrer may be sustained as to a complaint in its entirety. California Code of Civil

9   Procedure § 430.50(a). The primary "function of a demurrer is to test the sufficiency of plaintiffs'

10  pleading by raising questions of law." *Buford v. State of Cal.*, 104 Cal. App. 3d 811, 818 (1980).

11  Although a demurrer admits all material facts that were properly pled, a demurrer does not assume

12  the truth of contentions, deductions, or conclusions of facts or law. *Leyva v. Nielsen*, 83 Cal. App.

13  4th 1061, 1063 (2000); *Ellenberger v. Espinosa*, 30 Cal. App. 4th 943, 947 (1994). Furthermore, a

14  court must not accept bare legal conclusions as true for purposes of ruling on a demurrer. *Serrano v.*

15  *Priest*, 5 Cal. 3d 584, 591 (1971).

16  **IV.    THE COMPLAINT FAILS TO SUFFICIENTLY ALLEGE THAT MR. MELANESE**

17  **IS PROPERLY JOINED WITH SEAWORLD AS A DEFENDANT IN THIS ACTION.**

18       Pursuant to California Code of Civil Procedure § 430.10 (d), a party answering a complaint

19  may object to the complaint by way of demurrer on the ground that there is a "defect or misjoinder

20  of parties." As to the proper joinder of defendants, California Code of Civil Procedure § 379

21  provides:

22       All persons may be joined in one action as defendants if there is asserted against
         them […] Any right to relief jointly, severally, or in the alternative, in respect of
23       or arising out of the same transaction, occurrence, or series of transactions or
         occurrences and if any question of law or fact common to all these persons will
24       arise in the action […]. California Code of Civil Procedure § 379 (a)(1).

25

26  Designating the persons who are improperly joined is sufficient, and the reasons a joinder is

27  improper need not be stated in a demurrer. *Gardner v. Samuels*, 116 Cal. 84, 88 (1897). Although

28  Courts sometimes liberally construe California's joinder statutes, neither those statutes nor pertinent

---

4

case law permit unlimited joinder, and the existence of possible or speculative common questions of law and fact is not enough by itself to permit joinder. *Hoag v. Sup. Ct.*, 207 Cal. App. 2d 611, 618 (1962).

Here, the allegations in Plaintiff's Complaint do not provide any information suggesting the reason that Mr. Melanese is named as a defendant in this action. At best, they suggest "possible or speculative common questions of law and fact", which California Courts have held are insufficient to support joinder. *Hoag, supra*, 207 Cal. App. 2d at 618. For example, paragraph 8 of the Complaint alleges as follows:

> Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, defendant, SEAWORLD PARKS & ENTERTAINMENT, INC., STEVEN MELANESE; and DOE defendants 1 through 100, inclusive, owned, maintained, controlled, possessed, repaired, inspected, operated, designed, built, managed and cleaned certain walkway surfaces located at its SEAWORLD PARKS & ENTERTAINMENT, INC., STEVEN MELANESE [*sic*], located at Explorer's Cafe area [*sic*], 500 Sea World Drive, San Diego, CA 92109, which were involved in the incident hereinafter described.

The other portions of the Complaint are nearly identically worded, leaving Mr. Melanese to wonder which of the actions—owning, maintaining, controlling, possessing, repairing, inspecting, operating, designing, building, managing, or cleaning—he is alleged to have taken, and which were allegedly taken by SeaWorld. Put another way, the Complaint does not sufficiently allege whether Mr. Melanese and SeaWorld took some action that was part of the same "transaction, occurrence, or series of transactions or occurrences"—the standard for proper joinder of defendants. California Code of Civil Procedure § 379 (a)(1). Accordingly, Plaintiff's Complaint fails due to insufficient allegations regarding joinder of defendants, and the demurrer should be sustained without leave to amend.

## V.   THE COMPLAINT IS UNCERTAIN AND AMBIGUOUS AS TO MR. MELANESE.

A demurrer must be sustained when the pleading is uncertain, ambiguous, or intelligible. California Code of Civil Procedure § 430.10(f). A "shotgun" mass of unclear allegations is impermissibly uncertain, as it prevents a defendant from formulating an informed response to the complaint. *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 616 (1993). Plaintiff has a duty to plead essential facts with reasonable precision and with particularity to acquaint a defendant

1   with the nature, source, and extent of his cause of action. *Ludgate Ins. v. Lockheed Martin Corp.*, 82

2   Cal. App. 4th 592, 608). Further, the complaint "must set forth the facts with sufficient precision to

3   put the defendant on notice about what the plaintiff is complaining and what remedies are being

4   sought." *Leek v. Cooper*, 194 Cal. App. 4th 399, 415 (2011). The pleading must allege facts not

5   conclusions, and material facts must be alleged directly and not by way of recital. *Ankey v. Lockheed*

6   *Missiles & Space Co.*, 88 Cal. App. 3d 531, 537 (1979); *Vilardo v. County of Sacramento¸* 54 Cal.

7   App. 2d 413, 418-19 (1942).

8          Plaintiff's Complaint fails to do any of the foregoing with respect to Mr. Melanese. Instead, it

9   takes the impermissible "shotgun" approach, lumping Mr. Melanese, SeaWorld, and Doe Defendants

10  together throughout the entirety of the Complaint, without providing any specific allegations as to

11  what one defendant did or failed to do separate and apart from another. For example, paragraph 9 of

12  the Complaint alleges:

13  > That on or about June 26, 2018, at the aforementioned time and place, defendant
    > SEAWORLD PARKS & ENTERTAINMENT, INC., STEVEN MELANESE and
14  > DOE defendants 1 through 100, inclusive, so negligently, carelessly and
    > recklessly owned, maintained, controlled, possessed, repaired, inspected,
15  > operated, designed, built, managed and cleaned certain walkway surfaces located
    > at its SEAWORLD PARKS & ENTERTAINMENT, INC., STEVEN
16  > MELANESE [*sic*], located at Explorer's Cafe area, 500 Sea World Drive, San
    > Diego, CA 92109 , in a dangerous condition, so as cause plaintiff to slip and fall,
17  > thereby proximately causing the plaintiff to sustain injuries and damages as set
    > forth herein.
18

19         As noted in the previous section, the other paragraphs of the Complaint are no different,

20  leaving Mr. Melanese to guess as to what Plaintiff alleges he did or failed to do. Plaintiff's

21  Complaint therefore fails due to its uncertainty and ambiguity as to Mr. Meleanse, and on that basis

22  the demurrer should be sustained without leave to amend.

23  **VI.   <u>CONCLUSION AND RELIEF REQUESTED</u>**

24         Plaintiff's Complaint lumps SeaWorld, Mr. Melanese, and 100 Doe Defendants into one

25  group of wrongdoers who have all "negligently, carelessly and recklessly owned, maintained,

26  controlled, possessed, repaired, inspected, operated, designed, built, managed and cleaned certain

27  walkway surfaces." Plaintiff's Complaint therefore fails on two grounds, both of which make it

28  subject to demurrer by Mr. Melanese: (1) insufficient allegations regarding proper joinder of

1    defendants and (2) uncertainty and ambiguity. In its current state, the Complaint fails to sufficiently

2    apprise Mr. Melanese of the allegations against him. This demurrer should therefore be sustained

3    without leave to amend.

4                                                   Respectfully submitted,

5    Dated:  January 22, 2019                       **INTERNATIONAL PRACTICE GROUP,**
                                                     **A PROFESSIONAL CORPORATION**
6
7                                                   By: _____

8                                                   GUILLERMO MARRERO
                                                     CHELSEA YAMABE
9                                                   *Attorneys for Defendants*
                                                     SeaWorld LLC and Steven Melanese
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities in Support of Demurrer of Defendant Steven Melanese

1    GUILLERMO MARRERO, ESQ., State Bar No. 099056
     CHELSEA YAMABE, ESQ., State Bar No. 272852
2    **INTERNATIONAL PRACTICE GROUP, P.C.**
     1350 Columbia Street, Suite 500
3    San Diego, California 92101
     Telephone: (619) 515-1486
4    Facsimile: (619) 515-1481

5    Attorneys for Defendant
     SEAWORLD LLC, erroneously sued as
6    "SeaWorld Parks & Entertainment, Inc.";
     and STEVEN MELANESE

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/22/2019** at 12:15:00 PM
Clerk of the Superior Court
By Valeria Contreras, Deputy Clerk

7

8

9          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **FOR THE COUNTY OF SAN DIEGO**

11         **CENTRAL DIVISION – HALL OF JUSTICE**

12

13    ARTEMISA ELIZONDO, an individual,   )   Case No.: 37-2018-00057261-CU-PO-CTL
                                  )
14              Plaintiff,           )
                                  )   **PROOF OF SERVICE**
15                  v.            )
                                  )
16    SEAWORLD PARKS &             )
     ENTERTAINMENT, INC.; STEVEN     )
     MELANESE, an individual; and DOES 1  )
17    through 100, inclusive,         )
                                  )
18             Defendants.       )
                                  )

19

20

21

22

23

24

25

26

27

28

**INTERNATIONAL**
**PRACTICE GROUP, P.C.**

Proof of Service

Chelsea Yamabe certifies and declares as follows:

I am over eighteen (18) years of age and am not a party to this action.

My business address is 1350 Columbia Street, Suite 500, San Diego, California, 92101, which is located in the city, county, and state where the mailing described below took place.

**SERVICE BY FIRST CLASS MAIL:** I am readily familiar with International Practice Group, P.C.'s practices for collection and processing of documents for mailing with the United States Postal Service. On January 22, 2019, I caused the document(s) described in <u>Appendix A</u> hereto, to be placed in a sealed envelope, addressed to the following person(s) on whom it is to be delivered, with postage thereon prepaid, to be deposited with the United States Postal Service at San Diego, California, that same day in the ordinary course of business.

Raymond Ghermezian, Esq.
**RAYMOND GHERMEZIAN, A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 1800
Los Angeles, California 90010

*I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.*

Dated: January 22, 2019

## **APPENDIX A**

**List of Documents Served**

1.      Notice of Demurrer and Demurrer of Defendant Steven Melanese

2.      Declaration of Chelsea Yamabe in Support of Demurrer of Defendant Steven Melanese and Exhibits Thereto

3.      Memorandum of Points and Authorities in Support of Demurrer of Defendant Steven Melanese

# EXHIBIT 4

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN DIEGO**
**CENTRAL**

**MINUTE ORDER**

DATE: 04/19/2019                TIME: 10:30:00 AM          DEPT:  C-68

JUDICIAL OFFICER PRESIDING: Richard S. Whitney
CLERK:  Meaghan Abosamra
REPORTER/ERM: Not Reported
BAILIFF/COURT ATTENDANT:  Henry Whatley

CASE NO: **37-2018-00057261-CU-PO-CTL**  CASE INIT.DATE: 11/13/2018
CASE TITLE: **Elizondo vs Seaworld Parks & Entertainment Inc [IMAGED]**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: PI/PD/WD - Other

---

**EVENT TYPE**: Demurrer / Motion to Strike

---

**APPEARANCES**
Raymond Ghermezian, counsel, present for Plaintiff(s) telephonically.
Chelsea Yamabe, specially appearing for counsel Guillermo Marrero, present for Defendant(s).

Motions:

The matter now before the Court: Demurrer

The Court CONFIRMS the tentative ruling as follows:

**TENTATIVE RULING: Defendant Steven Melanese's Demurrer is OVERRULED.**

"[T]he modern joinder statutes are to be liberally construed and applied," but where there is "no doubt as to the person from whom plaintiffs claim they are entitled to redress" a demurrer based on misjoinder may be sustained. (*Hoag v. Superior Court of Los Angeles County* (1962) 207 Cal.App.2d 611, 618.) While it is true Plaintiff apparently lumps Defendant Steven Melanese in with SeaWorld as to allegations of ownership, control, possession, maintenance, design, repair, and inspection, there are no facts alleged or judicially noticeable information before the Court that indicate it is not possible that Defendant Steven Melanese jointly "owned, maintained, controlled, possessed, repaired, inspected, operated, designed, built, managed and cleaned certain walkway surfaces" at SeaWorld.

Defendant Steven Melanese also asserts the complaint is uncertain, ambiguous, or intelligible. "A demurrer for uncertainty is strictly construed, even where a complaint is in some respects uncertain, because ambiguities can be clarified under modern discovery procedures." (*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 616.) Discovery can clarify whether Defendant Steven Melanese "owned, maintained, controlled, possessed, repaired, inspected, operated, designed, built, managed and cleaned certain walkway surfaces" at SeaWorld or whether he merely inspected or cleaned surfaces.

---

CASE TITLE: Elizondo vs Seaworld Parks & Entertainment Inc [IMAGED]                CASE NO: **37-2018-00057261-CU-PO-CTL**

The demurrer is overruled.

Parties waive notice.

# EXHIBIT 5

GUILLERMO MARRERO, ESQ., State Bar No. 099056
CHELSEA YAMABE, ESQ., State Bar No. 272852
**INTERNATIONAL PRACTICE GROUP, P.C.**
1350 Columbia Street, Suite 500
San Diego, California 92101
Telephone: (619) 515-1486
Facsimile: (619) 515-1481
gmarrero@ipglaw.com
cyamabe@ipglaw.com

Attorneys for Defendants
SEAWORLD LLC and STEVEN MELANESE

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/14/2020** at 10:49:00 AM
Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO

### CENTRAL DIVISION – HALL OF JUSTICE

| | |
|---|---|
| ARTEMISA ELIZONDO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC.; STEVEN MELANESE, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 37-2018-00057261-CU-PO-CTL<br><br>**DEFENDANT STEVEN MELANESE's NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>Date: May 1, 2020<br>Time: 10:00 a.m.<br>Dept.: C-68<br>Judge: Hon. Richard S. Whitney |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**YOU ARE HEREBY NOTICED** that on <u>**May 1, 2020**</u>, at <u>**10:00 a.m.**</u>, or as soon thereafter as the matter may be heard, in <u>**Department C-68**</u> of the above-entitled Court, located at <u>**330 West Broadway, San Diego, California 92101**</u>, Defendant Steven Melanese ("Mr. Melanese") will and hereby does move this Court for an Order granting him summary judgment.

This personal injury case arises out of an alleged slip-and-fall that occurred in a restaurant at SeaWorld San Diego next to a "CAUTION: WET FLOOR" sign. For reasons unbeknownst to all, Plaintiff Artemisa Elizondo has sued both Defendant SeaWorld LLC and its then-Vice President of Park Operations, Mr. Melanese, for her injuries and damages. Mr. Melanese was not involved in the subject incident or any of the events leading up to it. He was not responsible for the condition of the premises. He had no involvement with either the alleged spill and substance on the floor of the restaurant, nor the placement of the cautionary signage.

By way of this Motion for Summary Judgment, Mr. Melanese attempts to remove himself from this lawsuit, in which Plaintiff has: (a) filed a Complaint alleging causes of action for negligence and premises liability against Defendant SeaWorld LLC ("Defendant SeaWorld") and Mr. Melanese in conclusory fashion, lumping Mr. Melanese, SeaWorld, and Doe Defendants together throughout the entirety of the Complaint, without providing any specific allegations as to what one defendant did or failed to do separate and apart from another; and (b) failed to conduct any discovery of either Mr. Melanese or Defendant SeaWorld concerning Mr. Melanese's involvement in or knowledge of the incident.

Summary judgment is entirely appropriate here as there is no triable issue of material fact as to whether Mr. Melanese had any involvement in the subject incident, and Plaintiff cannot and will not be able to present specific facts supporting any independent theory of liability against Mr. Melanese.

Mr. Melanese is entitled to a grant of summary judgment in his favor on both of Plaintiff's causes of action for negligence and premises liability. No triable issue of material fact exists as to whether Mr. Melanese had any involvement in or knowledge of the subject incident whatsoever, and Plaintiff cannot and will not be able to present specific facts supporting any independent theory of liability against Mr. Melanese.

1    This motion is based upon the instant Notice of Motion and Motion, the Memorandum of Points

2    and Authorities, the Declaration of Chelsea Yamabe, and the Declaration of Steven Melanese, all filed

3    herewith; all pleadings on file in this action; and any other evidence or argument permitted at the

4    hearing on this motion.

5                                                          Respectfully submitted,

6    Dated: February 14, 2020                    **INTERNATIONAL PRACTICE GROUP,**
                                                  **A PROFESSIONAL CORPORATION**

7

8                                                 By: _____

9                                                       GUILLERMO MARRERO, ESQ.
                                                        CHELSEA YAMABE, ESQ.

10                                                      *Attorneys for Defendants*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   GUILLERMO MARRERO, ESQ., State Bar No. 099056
2   CHELSEA YAMABE, ESQ., State Bar No. 272852
    **INTERNATIONAL PRACTICE GROUP, P.C.**
3   1350 Columbia Street, Suite 500
    San Diego, California 92101
4   Telephone: (619) 515-1486
    Facsimile: (619) 515-1481
5   gmarrero@ipglaw.com
    cyamabe@ipglaw.com
6
7   Attorneys for Defendants
    SEAWORLD LLC and STEVEN MELANESE
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/14/2020** at 10:49:00 AM

Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

9
10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11                   **FOR THE COUNTY OF SAN DIEGO**
12                 **CENTRAL DIVISION – HALL OF JUSTICE**

13   ARTEMISA ELIZONDO, an individual,        Case No.: 37-2018-00057261-CU-PO-CTL

14            Plaintiff,                        **DECLARATION OF CHELSEA YAMABE IN
                                                SUPPORT OF DEFENDANT STEVEN
15       v.                                     MELANESE's MOTION FOR SUMMARY
                                                JUDGMENT**
16   SEAWORLD PARKS &
     ENTERTAINMENT, INC.; STEVEN               Date: May 1, 2020
17   MELANESE, an individual; and DOES 1       Time: 10:00 a.m.
     through 100, inclusive,                    Dept.: C-68
18                                              Judge: Hon. Richard S. Whitney
              Defendants.

19
20
21
22
23
24
25
26
27
28

Chelsea Yamabe declares as follows:

1.     I am an attorney licensed to practice law before all courts of the State of California, and I am an associate at International Practice Group, P.C., counsel of record for Defendant Steven Melanese ("Mr. Melanese") and Defendant SeaWorld LLC ("SeaWorld") in the above-referenced action.

2.     I have personal knowledge of the matters set forth herein, and if called upon to testify as a witness regarding same, I could and would do so competently.

3.     I make this declaration in support of Mr. Melanese's Motion for Summary Judgment.

4.     Plaintiff alleges that she slipped and fell in the Explorer's Reef Café at SeaWorld San Diego on June 26, 2018.

5.     To date, Plaintiff has conducted no discovery of Mr. Melanese.

6.     Plaintiff has not served Mr. Melanese with any written discovery requests.

7.     Plaintiff has not sought to depose Mr. Melanese.

8.     Plaintiff has not conducted any discovery of Defendant SeaWorld seeking to ascertain the viability of her causes of action against Mr. Melanese.

*I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Executed this 14th day of January 2020, in San Diego, California, by: _____.

                                                                    Chelsea Yamabe

1

1  GUILLERMO MARRERO, ESQ., State Bar No. 099056
2  CHELSEA YAMABE, ESQ., State Bar No. 272852
   **INTERNATIONAL PRACTICE GROUP, P.C.**
3  1350 Columbia Street, Suite 500
   San Diego, California 92101
4  Telephone: (619) 515-1486
   Facsimile: (619) 515-1481
5  gmarrero@ipglaw.com
   cyamabe@ipglaw.com
6

7  Attorneys for Defendants
   SEAWORLD LLC and STEVEN MELANESE
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/14/2020** at 10:49:00 AM
Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

9

10  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11  **FOR THE COUNTY OF SAN DIEGO**

12  **CENTRAL DIVISION – HALL OF JUSTICE**

13  ARTEMISA ELIZONDO, an individual,          Case No.: 37-2018-00057261-CU-PO-CTL

14          Plaintiff,                          **DECLARATION OF STEVEN MELANESE IN SUPPORT OF DEFENDANT STEVEN MELANESE's MOTION FOR SUMMARY JUDGMENT**

15          v.

16  SEAWORLD PARKS & ENTERTAINMENT, INC.; STEVEN MELANESE, an individual; and DOES 1 through 100, inclusive,

17                                              Date: May 1, 2020
                                                Time: 10:00 a.m.
                                                Dept.: C-68
18          Defendants.                         Judge: Hon. Richard S. Whitney

19

20

21

22

23

24

25

26

27

28

1    Steven Melanese declares as follows:

2         1.      I am a named defendant in the above-referenced action.

3         2.      I have personal knowledge of the matters set forth herein, and if called upon to testify

4    as a witness regarding same, I could and would do so competently.

5         3.      I make this declaration in support of my Motion for Summary Judgment.

6         4.      On June 26, 2018, I was employed by Defendant SeaWorld LLC as the Vice President

7    of Park Operations at SeaWorld San Diego.

8         5.      On June 26, 2018, there were four layers of management (assistant supervisors,

9    supervisors, managers, and directors) in between me and the team of employees responsible for

10   operating, inspecting, maintaining, cleaning, managing, possessing, and controlling the floor at the

11   Explorer's Reef Café.

12        6.      I have never owned the Explorer's Reef Café.

13        7.      I have never cleaned the Explorer's Reef Café.

14        8.      I have never repaired the Explorer's Reef Café.

15        9.      I neither designed nor built the Explorer's Reef Café.

16        10.     I was not involved in Plaintiff's incident.

17        11.     I was not involved with any alleged spill or substance on the floor of the Explorer's Reef

18   Café on June 26, 2018, the day of the incident.

19        12.     I was not involved with the placement of any "CAUTION: WET FLOOR" sign on the

20   floor of the Explorer's Reef Café on June 26, 2018, the day of the incident.

21        13.     I did not witness Plaintiff's incident.

22        14.     I was not present in the Explorer's Reef Café at the time of Plaintiff's incident.

23        15.     On June 26, 2018, the day of the incident, I was out of the country on vacation and was

24   not working.

25        *I declare under penalty of perjury under the laws of the State of California that the foregoing is*

26   *true and correct.*

27   Executed this 13th day of January 2020, in San Diego, California, by: Steven Melanese

Steven Melanese

28

1

1  GUILLERMO MARRERO, ESQ., State Bar No. 099056
2  CHELSEA YAMABE, ESQ., State Bar No. 272852
   **INTERNATIONAL PRACTICE GROUP, P.C.**
3  1350 Columbia Street, Suite 500
   San Diego, California 92101
4  Telephone: (619) 515-1486
   Facsimile: (619) 515-1481
5  gmarrero@ipglaw.com
   cyamabe@ipglaw.com
6
7  Attorneys for Defendants
   SEAWORLD LLC and STEVEN MELANESE
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/14/2020** at 10:49:00 AM
Clerk of the Superior Court
By Carolina Miranda,Deputy Clerk

9
10            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11                 **FOR THE COUNTY OF SAN DIEGO**
12              **CENTRAL DIVISION – HALL OF JUSTICE**

| | |
|---|---|
| ARTEMISA ELIZONDO, an individual, | Case No.: 37-2018-00057261-CU-PO-CTL |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STEVEN MELANESE's MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| SEAWORLD PARKS & ENTERTAINMENT, INC.; STEVEN MELANESE, an individual; and DOES 1 through 100, inclusive, | Date: May 1, 2020<br>Time: 10:00 a.m.<br>Dept.: C-68<br>Judge: Hon. Richard S. Whitney |
| Defendants. | |

I.   **PRELIMINARY STATEMENT**

This personal injury case arises out of an alleged slip-and-fall that occurred in a restaurant at SeaWorld San Diego next to a "CAUTION: WET FLOOR" sign. For reasons unbeknownst to all, Plaintiff Artemisa Elizondo has sued both Defendant SeaWorld LLC and its then-Vice President of Park Operations, Defendant Steven Melanese ("Mr. Melanese"), for her injuries and damages. Mr. Melanese was not involved in the subject incident or any of the events leading up to it. He was not responsible for the condition of the premises. He had no involvement with either the alleged spill and substance on the floor of the restaurant, nor the placement of the cautionary signage.

By way of this Motion for Summary Judgment, Mr. Melanese attempts to remove himself from this lawsuit, in which Plaintiff has: (a) filed a Complaint alleging causes of action for negligence and premises liability against Defendant SeaWorld LLC ("Defendant SeaWorld") and Mr. Melanese in conclusory fashion, lumping Mr. Melanese, SeaWorld, and Doe Defendants together throughout the entirety of the Complaint, without providing any specific allegations as to what one defendant did or failed to do separate and apart from another; and (b) failed to conduct any discovery of either Mr. Melanese or Defendant SeaWorld concerning Mr. Melanese's involvement in or knowledge of the incident.

Summary judgment is entirely appropriate here as there is no triable issue of material fact as to whether Mr. Melanese had any involvement in the subject incident, and Plaintiff cannot and will not be able to present specific facts supporting any independent theory of liability against Mr. Melanese.

II.   **STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff alleges that she slipped and fell in the Explorer's Reef Café at SeaWorld San Diego on June 26, 2018. Undisputed Material Fact ("UMF") No. 1; Declaration of Chelsea Yamabe ("Yamabe Decl."), ¶ 4.

On June 26, 2018, Defendant Steven Melanese was employed by Defendant SeaWorld LLC as the Vice President of Park Operations at SeaWorld San Diego. UMF No. 2; Declaration of Steven Melanese ("Melanese Decl."), ¶ 4. On June 26, 2018, there were four layers of management (assistant supervisors, supervisors, managers, and directors) in between Mr. Melanese and the team of employees responsible for operating, inspecting, maintaining, cleaning, managing, possessing, and controlling the

1

floor at the Explorer's Reef Café. UMF No. 3; Melanese Decl., ¶ 5.

Mr. Melanese himself has never owned the Explorer's Reef Café. UMF No. 4; Melanese Decl., ¶ 6. He has never cleaned the Explorer's Reef Café. UMF No. 5; Melanese Decl., ¶ 7. He has never repaired the Explorer's Reef Café. UMF No. 6; Melanese Decl., ¶ 8. Mr. Melanese neither designed nor built the Explorer's Reef Café. UMF No. 7; Melanese Decl., ¶ 9.

Mr. Melanese was not involved in the subject incident. UMF No. 8; Melanese Decl., ¶ 10. He had no involvement with any alleged spill or substance on the floor of the Explorer's Reef Café on June 26, 2018, the day of the incident. UMF No. 9; Melanese Decl., ¶ 11. Mr. Melanese was not involved with the placement of any "CAUTION: WET FLOOR" sign on the floor of the Explorer's Reef Café on June 26, 2018, the day of the incident. UMF No. 10; Melanese Decl., ¶ 12. Mr. Melanese did not witness Plaintiff's incident. UMF No. 11; Melanese Decl., ¶ 13. Mr. Melanese was not present in the restaurant at time of Plaintiff's incident. UMF No. 12; Melanese Decl., ¶ 14. On June 26, 2018, the day of Plaintiff's incident, Mr. Melanese was out of the country on vacation and was not working. UMF No. 13; Melanese Decl., ¶ 15.

To date, Plaintiff has conducted no discovery of Mr. Melanese. UMF No. 14; Yamabe Decl., ¶ 5. Plaintiff has not served Mr. Melanese with any written discovery requests. UMF No. 15; Yamabe Decl., ¶ 6. Plaintiff has not sought to depose Mr. Melanese. UMF No. 16; Yamabe Decl., ¶ 7. Plaintiff has not conducted any discovery of Defendant SeaWorld seeking to ascertain the viability of her causes of action against Mr. Melanese. UMF No. 17; Yamabe Decl., ¶ 8.

### III.   STANDARD FOR GRANTING SUMMARY JUDGMENT

California Code of Civil Procedure 437c authorizes motions for summary judgment and provides that "a party may move for summary judgment in an action or proceeding if it is contended that the action has no merit [...]." California Code of Civil Procedure 437c (a)(1). "The motion for summary judgment shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." California Code of Civil Procedure 437c (c).

To prevail on a motion for summary judgment, a defendant has the burden of showing that a cause of action has no merit by proving that "one or more elements of the cause of action [...] cannot

2

be established, or that there is a complete defense to the cause of action." California Code of Civil Procedure 437c (p)(2). Once the defendant has met that burden, the burden then shifts to the plaintiff to show that a triable issue of material fact exists as to the cause of action. In doing so, the plaintiff "shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto." California Code of Civil Procedure 437c (p)(2).

Mr. Melanese is entitled to a grant of summary judgment in his favor on both of Plaintiff's causes of action for negligence and premises liability. No triable issue of material fact exists as to whether Mr. Melanese had any involvement in or knowledge of the subject incident whatsoever, and Plaintiff cannot and will not be able to present specific facts supporting any independent theory of liability against Mr. Melanese.

## IV. THERE IS NO TRIABLE ISSUE OF MATERIAL FACT AS TO THE LACK OF MR. MELANESE'S INVOLVEMENT IN THE INCIDENT AND PLAINTIFF CANNOT AND WILL NOT BE ABLE TO PRESENT SPECIFIC FACTS SUPPORTING ANY INDEPENDENT THEORY OF LIABILITY AGAINST MR. MELANESE.

In order to meet her burden of showing that a triable issue of material fact exists as to Mr. Melanese, Plaintiff may not simply rely on the allegations set forth in her Complaint. Instead, she is required to "set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto." California Code of Civil Procedure 437c (p)(2). Plaintiff cannot and will never be able to present any specific facts supporting any independent theory of liability against Mr. Melanese.

Put plainly and simply, the facts are:

- Mr. Melanese has never owned the restaurant where Plaintiff's incident occurred. UMF No. 4; Melanese Decl., ¶ 6.

- Mr. Melanese has never cleaned the restaurant where Plaintiff's incident occurred. UMF No. 5; Melanese Decl., ¶ 7.

- Mr. Melanese has never repaired the restaurant where Plaintiff's incident occurred. UMF No. 6; Melanese Decl., ¶ 8.

3

- Mr. Melanese neither designed nor built the restaurant where Plaintiff's incident occurred. UMF No. 7; Melanese Decl., ¶ 9.

- Mr. Melanese was not involved in the subject incident. UMF No. 8; Melanese Decl., ¶ 10.

- He had no involvement with any alleged spill or substance on the floor of the Explorer's Reef Café on June 26, 2018, the day of the incident. UMF No. 9; Melanese Decl., ¶ 11.

- Mr. Melanese was not involved with the placement of any "CAUTION: WET FLOOR" sign on the floor of the Explorer's Reef Café on June 26, 2018, the day of the incident. UMF No. 10; Melanese Decl., ¶ 12.

- Mr. Melanese did not witness Plaintiff's incident. UMF No. 11; Melanese Decl., ¶ 13.

- Mr. Melanese was not present in the restaurant at time of Plaintiff's incident. UMF No. 12; Melanese Decl., ¶ 14.

- On June 26, 2018, the day of Plaintiff's incident, Mr. Melanese was out of the country on vacation and was not working. UMF No. 13; Melanese Decl., ¶ 15.

To date, Plaintiff has conducted no discovery of Mr. Melanese. UMF No. 14; Yamabe Decl., ¶ 5. Plaintiff has not served Mr. Melanese with any written discovery requests. UMF No. 15; Yamabe Decl., ¶ 6. Plaintiff has not sought to depose Mr. Melanese. UMF No. 16; Yamabe Decl., ¶ 7. Plaintiff has not conducted any discovery of Defendant SeaWorld seeking to ascertain the viability of her causes of action against Mr. Melanese. UMF No. 17; Yamabe Decl., ¶ 8. Even if Plaintiff were to do the foregoing, at best Plaintiff would discover that:

- At the time of the incident, Mr. Melanese was the Vice President of Park Operations at SeaWorld San Diego. UMF No. 2; Melanese Decl., ¶ 4.

- There were four layers of management (assistant supervisors, supervisors, managers, and directors) in between Mr. Melanese and the team of employees responsible for operating, inspecting, maintaining, cleaning, managing, possessing, and controlling the floor at the Explorer's Reef Café. UMF No. 3; Melanese Decl., ¶ 5.

The facts do not and will not show that Mr. Melanese had any involvement, whether direct or indirect, in Plaintiff's incident or any of the acts or omissions allegedly giving rise to the incident. There is no

/ / /

4

1   triable issue of fact as to whether Mr. Melanese had any involvement in or knowledge of Plaintiff's

2   incident, and summary judgment must be granted to Mr. Melanese on that basis.

3   **V.**     **CONCLUSION AND ORDER REQUESTED**

4         By way of this Motion for Summary Judgment, Mr. Melanese simply seeks to be released from

5   a litigation matter in which he should never have been named because, stated plainly, there is simply

6   no evidence that he was involved in the alleged slip-and-fall or precipitating events. No triable issue of

7   material fact as to his involvement exists, and Plaintiff cannot and will not be able present any specific

8   facts showing the contrary. Even assuming *arguendo* that Mr. Melanese himself had taken a bucket of

9   water and thrown it across the restaurant floor in the minutes before Plaintiff walked across it, as an

10   employee of Defendant SeaWorld he would be entitled to a defense and indemnification by his

11   employer, who would step into Mr. Melanese's shoes under *respondeat superior*, a vicarious liability

12   doctrine.

13                             Respectfully submitted,

14   Dated: February 14, 2020               **INTERNATIONAL PRACTICE GROUP,**

15                                  **A PROFESSIONAL CORPORATION**

16

17                By: _____

                         GUILLERMO MARRERO, ESQ.

18                       CHELSEA YAMABE, ESQ.

                      *Attorneys for Defendants*

19

20

21

22

23

24

25

26

27

28

GUILLERMO MARRERO, ESQ., State Bar No. 099056
CHELSEA YAMABE, ESQ., State Bar No. 272852
**INTERNATIONAL PRACTICE GROUP, P.C.**
1350 Columbia Street, Suite 500
San Diego, California 92101
Telephone: (619) 515-1486
Facsimile: (619) 515-1481
gmarrero@ipglaw.com
cyamabe@ipglaw.com

Attorneys for Defendants
SEAWORLD LLC and STEVEN MELANESE

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/14/2020** at 10:49:00 AM
Clerk of the Superior Court
By Carolina Miranda, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

**CENTRAL DIVISION – HALL OF JUSTICE**

| | |
|---|---|
| ARTEMISA ELIZONDO, an individual,<br><br>    Plaintiff,<br><br>        v.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC.; STEVEN MELANESE, an individual; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.: 37-2018-00057261-CU-PO-CTL<br><br>**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT STEVEN MELANESE's MOTION FOR SUMMARY JUDGMENT**<br><br>Date: May 1, 2020<br>Time: 10:00 a.m.<br>Dept.: C-68<br>Judge: Hon. Richard S. Whitney |

Defendant Steven Melanese ("Mr. Melanese") respectfully submits the following Statement of Undisputed Material Facts in support of his Motion for Summary Judgment.

| No. | Moving Party's Undisputed Material Fact and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| 1 | Plaintiff alleges that she slipped and fell in the Explorer's Reef Café at SeaWorld San Diego on June 26, 2018. Declaration of Chelsea Yamabe ("Yamabe Decl."), ¶ 4. | |
| 2 | On June 26, 2018, Defendant Steven Melanese was employed by Defendant SeaWorld LLC as the Vice President of Park Operations at SeaWorld San Diego. Declaration of Steven Melanese ("Melanese Decl."), ¶ 4. | |
| 3 | On June 26, 2018, there were four layers of management (assistant supervisors, supervisors, managers, and directors) in between Mr. Melanese and the team of employees responsible for operating, inspecting, maintaining, cleaning, managing, possessing, and controlling the floor at the Explorer's Reef Café. Melanese Decl., ¶ 5. | |
| 4 | Mr. Melanese himself has never owned the Explorer's Reef Café. Melanese Decl., ¶ 6. | |
| 5 | Mr. Melanese has never cleaned the | |

1

| | | | |
|---|---|---|---|
| | | Explorer's Reef Café. Melanese Decl., ¶ 7. | |
| | 6 | Mr. Melanese has never repaired the Explorer's Reef Café. Melanese Decl., ¶ 8. | |
| | 7 | Mr. Melanese neither designed nor built the Explorer's Reef Café. Melanese Decl., ¶ 9. | |
| | 8 | Mr. Melanese was not involved in Plaintiff's incident. Melanese Decl., ¶ 10. | |
| | 9 | Mr. Melanese was not involved with any alleged spill or substance on the floor of the Explorer's Reef Café on June 26, 2018, the day of the incident. Melanese Decl., ¶ 11. | |
| | 10 | Mr. Melanese was not involved with the placement of any "CAUTION: WET FLOOR" sign on the floor of the Explorer's Reef Café on June 26, 2018, the day of the incident. Melanese Decl., ¶ 12. | |
| | 11 | Mr. Melanese did not witness Plaintiff's incident. Melanese Decl., ¶ 13. | |
| | 12 | Mr. Melanese was not present in the restaurant at time of Plaintiff's incident. Melanese Decl., ¶ 14. | |
| | 13 | On June 26, 2018, the day of Plaintiff's | |

2

| | | incident, Mr. Melanese was out of the country on vacation and was not working. Melanese Decl., ¶ 15. | |
|---|---|---|---|
| | 14 | To date, Plaintiff has conducted no discovery of Mr. Melanese. Yamabe Decl., ¶ 5. | |
| | 15 | Plaintiff has not served Mr. Melanese with any written discovery requests. Yamabe Decl., ¶ 6. | |
| | 16 | Plaintiff has not sought to depose Mr. Melanese. Yamabe Decl., ¶ 7. | |
| | 17 | Plaintiff has not conducted any discovery of Defendant SeaWorld seeking to ascertain the viability of her causes of action against Mr. Melanese. Yamabe Decl., ¶ 8. | |

Respectfully submitted,

Dated: February 14, 2020

**INTERNATIONAL PRACTICE GROUP,
A PROFESSIONAL CORPORATION**

By: _____
GUILLERMO MARRERO, ESQ.
CHELSEA YAMABE, ESQ.
*Attorneys for Defendants*

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  GUILLERMO MARRERO, ESQ., State Bar No. 099056
   CHELSEA YAMABE, ESQ., State Bar No. 272852
2  **INTERNATIONAL PRACTICE GROUP, P.C.**
   1350 Columbia Street, Suite 500
3  San Diego, California 92101
   Telephone: (619) 515-1486
4  Facsimile: (619) 515-1481

5  Attorneys for Defendants
   SEAWORLD LLC and
6  STEVEN MELANESE

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF SAN DIEGO**

11                 **CENTRAL DIVISION – HALL OF JUSTICE**

12  ARTEMISA ELIZONDO, an individual,  ) Case No.: 37-2018-00057261-CU-PO-CTL
                                        )
13              Plaintiff,              )
                                        )
14              v.                      ) **PROOF OF SERVICE**
                                        )
15  SEAWORLD PARKS &                    )
    ENTERTAINMENT, INC.; STEVEN         )
16  MELANESE, an individual; and DOES 1 )
    through 100, inclusive,             )
17                                      )
                Defendants.             )
18  ─────────────────────────────────── )

19

20

21

22

23

24

25

26

27

28

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

02/14/2020 at 10:49:00 AM

Clerk of the Superior Court
By Carolina Miranda,Deputy Clerk

INTERNATIONAL
PRACTICE GROUP, P.C.

Proof of Service

Chelsea Yamabe certifies and declares as follows:

I am over eighteen (18) years of age and am not a party to this action.

My business address is 1350 Columbia Street, Suite 500, San Diego, California, 92101, which is located in the city, county, and state where the mailing described below took place.

**SERVICE BY PERSONAL DELIVERY:** I am readily familiar with International Practice Group, P.C.'s practices for collection and processing of documents for personal service by Nationwide Attorney Service. On February 14, 2020, I caused the document(s) described in **Appendix A** hereto, to be electronically transmitted to Nationwide Attorney Service for personal service upon the following individual(s) at the following location(s), that same day in the ordinary course of business.

Raymond Ghermezian, Esq.
**RAYMOND GHERMEZIAN, A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 1800
Los Angeles, California 90010

*I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.*

Dated: February 14, 2020                   By: _____
                                                                  Chelsea Yamabe

## **APPENDIX A**

### **List of Documents Served**

1. Defendant Steven Melanese's Notice of Motion and Motion for Summary Judgment

2. Declaration of Steven Melanese in Support of Defendant Steven Melanese's Motion for Summary Judgment

3. Declaration of Chelsea Yamabe in Support of Defendant Steven Melanese's Motion for Summary Judgment

4. Statement of Undisputed Material Facts in Support of Defendant Steven Melanese's Motion for Summary Judgment

5. Memorandum of Points and Authorities in Support of Defendant Steven Melanese's Motion for Summary Judgment

# EXHIBIT 6

| From: | Sayeh Khoei |
|---|---|
| To: | Guillermo Marrero; maria ghermezianlaw.com; raymond ghermezianlaw.com; rghermezianlaw@hotmail.com |
| Cc: | Alberto Aldrete; Carolina Juarez; ADMIN @ IPG (SHARED MAILBOX) |
| Subject: | RE: ELIZONDO V. SEAWORLD ET AL - STIPULATION TO CONTINUE MSJ |
| Date: | Thursday, April 2, 2020 1:48:10 PM |

Dear Counsel:

We are willing to dismiss your client, Steven Melanese, for waiver of costs.

Otherwise, please provide depo date for Defendant Steven Melanese since we need to take his deposition asap in order to oppose Defendants' motion for summary judgment.

Sayeh Khoei

**From:** Guillermo Marrero <GMarrero@ipglaw.com>
**Sent:** Wednesday, April 1, 2020 2:28 PM
**To:** maria ghermezianlaw.com <maria@ghermezianlaw.com>; Sayeh Khoei <sayeh@ghermezianlaw.com>; raymond ghermezianlaw.com <raymond@ghermezianlaw.com>; rghermezianlaw@hotmail.com
**Cc:** Alberto Aldrete <Alberto@ipglaw.com>; Carolina Juarez <CJuarez@ipglaw.com>; ADMIN @ IPG (SHARED MAILBOX) <admin2ipg@ipglaw.com>
**Subject:** RE: ELIZONDO V. SEAWORLD ET AL - STIPULATION TO CONTINUE MSJ

Need to have an agreement on the discovery items we listed out this morning concurrent with this stipulation.   Send same and I will insert dates for SW personnel.



*Guillermo Marrero*
*International Practice Group*
*1350 Columbia St., Suite 500*
*San Diego, CA. 92101*
*Direct: (619) 515-1482*
*FAX:   (619) 515-1481*
*Email: gmarrero@ipglaw.com*
*Website:www.ipglaw.com*

**From:** maria ghermezianlaw.com <maria@ghermezianlaw.com>
**Sent:** Wednesday, April 1, 2020 1:54 PM
**To:** Sayeh Khoei <sayeh@ghermezianlaw.com>; Guillermo Marrero <GMarrero@ipglaw.com>; raymond ghermezianlaw.com <raymond@ghermezianlaw.com>; rghermezianlaw@hotmail.com
**Cc:** Alberto Aldrete <Alberto@ipglaw.com>; Carolina Juarez <CJuarez@ipglaw.com>; ADMIN @ IPG (SHARED MAILBOX) <admin2ipg@ipglaw.com>
**Subject:** RE: ELIZONDO V. SEAWORLD ET AL - STIPULATION TO CONTINUE MSJ

Good Afternoon,

Please see the attached Stipulation to Continue Defendant's MSJ on the above matter.

Please sign and return Stipulation back to our office at your earliest convenience.

Thank you,


*Maria Wampler*
Legal Secretary
**RAYMOND GHERMEZIAN, APLC**
3435 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90010
Telephone: (323) 900-5800
Facsimile:  (323) 900-5801

Email: maria@ghermezianlaw.com

Note : This e-mail contains information from RAYMOND GHERMEZIAN, A
PROFESSIONAL LAW CORPORATION. that may be proprietary, confidential,
or protected under the attorney- client privilege or work-product doctrine. This e-
mail is intended for the use only of the named recipient. If you are not the
intended recipient named above, you are strictly prohibited from reading,
disclosing, copying, or distributing this e-mail or its contents, and from taking
any action in reliance on the contents of this e-mail. If you received this e-mail in
error, please delete this message and respond immediately by e-mail to the
author or call 323-900-5800.

---

**From:** Sayeh Khoei <sayeh@ghermezianlaw.com>
**Sent:** Wednesday, April 1, 2020 12:48 PM
**To:** Guillermo Marrero <GMarrero@ipglaw.com>; raymond ghermezianlaw.com
<raymond@ghermezianlaw.com>; rghermezianlaw@hotmail.com
**Cc:** maria ghermezianlaw.com <maria@ghermezianlaw.com>; Alberto Aldrete
<Alberto@ipglaw.com>; Carolina Juarez <CJuarez@ipglaw.com>; ADMIN @ IPG (SHARED MAILBOX)
<admin2ipg@ipglaw.com>
**Subject:** RE: ELIZONDO V. SEAWORLD ET AL - STIPULATION TO CONTINUE MSJ

Thank you counsel.

Maria will email you the stipulation.

# EXHIBIT 7

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 198777 | FOR COURT USE ONLY |
|---|---|---|

NAME:  Raymond Ghermezian, Esq.
FIRM NAME:  Raymond Ghermezian, A Professional Law Corporation
STREET ADDRESS:  3435 Wilshire Boulevard, Suite 1800
CITY:  Los Angeles          STATE:  CA    ZIP CODE:  90010
TELEPHONE NO.:  (323) 900-5800      FAX NO.:  (323) 900-5801
E-MAIL ADDRESS:  raymond@ghermezianlaw.com
ATTORNEY FOR (Name):  Artemisa Elizondo

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:  330 West Broadway
MAILING ADDRESS:  330 West Broadway
CITY AND ZIP CODE:  San Diego, 92101
BRANCH NAME:  Central

Plaintiff/Petitioner: Artemisa Elizondo
Defendant/Respondent: SeaWorld Parks & Entertainment Inc.; Steven Melanese

| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>37-2018-00057261-CU-PO-CTL |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [x] With prejudice    (2) [ ] Without prejudice
   b. (1) [ ] Complaint        (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                on (date):
      (4) [ ] Cross-complaint filed by (name):                on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [x] Other (specify):*   Defendant Steven Melanese

2. *(Complete in all cases except family law cases.)*
   The court [ ] did  [x] did not  waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed.)*

Date:
Raymond Ghermezian
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                (SIGNATURE)
*If dismissal requested is of specified parties only of specified causes of action only,
or of specified cross-complaints only, so state and identify the parties, causes of      Attorney or party without attorney for:
action, or cross-complaints to be dismissed.                                            [x] Plaintiff/Petitioner    [ ] Defendant/Respondent
                                                                                         [ ] Cross Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                (SIGNATURE)
** If a cross-complaint – or Response (Family Law) seeking affirmative
relief – is on file, the attorney for cross-complainant (respondent) must sign     Attorney or party without attorney for:
this consent if required by Code of Civil Procedure section 581 (i) or (j).         [ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
                                                                                    [ ] Cross Complainant

---

*(To be completed by clerk)*
4. [ ] Dismissal entered as requested on (date):
5. [ ] Dismissal entered on (date):                    as to only (name):
6. [ ] Dismissal **not entered** as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to be conformed    [ ] means to return conformed copy

Date:                              Clerk, by                              , Deputy

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |
|---|---|---|

CIV-110

| Plaintiff/Petitioner:<br>Defendant/Respondent: | CASE NUMBER: |
|---|---|

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*   Yes   No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____        _____
(TYPE OR PRINT NAME OF  ☐ ATTORNEY  ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

For your protection and privacy, please press the Clear This Form button after you have printed the form.     | Print this form |  | Save this form |                    | Clear this form |

 (/Dashboard)     



# Order #14622402: eFiling

Submitted: 4/6/2020 12:35 PM PT   |   Attorney: Raymond Ghermezian   |   Contact: Megan Skirvin

    ## Docs received by One Legal
4/6/2020 12:35 PM PT

## Documents

**Returned (0)**

Documents will be available here once they are provided by the court's system.

**Your Files (1)**

| Document Title | Document Type | Pages | Status |
|---|---|---|---|
| Request for Dismissal with Prejudice - Party | Request for Dismissal with Prejudice - Party | 2 | Uploaded |

## Case Information

**Court**
San Diego County, Superior Court of California (Central)

**Number**
37-2018-00057261-CU-PO-CTL

**Title**
Elizondo vs Seaworld Parks & Entertainment Inc [IMAGED]

**Client Billing Code**
Elizondo

Confirmation Receipt #23763265

© One Legal LLC
Version: 7.0.17598.2-1387

Accessibility statement (https://www.onelegal.com/accessibility/) | Privacy policy

(https://www.onelegal.com/privacy/) | Terms of service (https://www.onelegal.com/terms/)