UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artemisa ELIZONDO,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SEAWORLD PARKS & ENTERTAINMENT, INC., et al.,<br><br>　　　　　　　　　　　Defendant. | Case No.: 20-cv-00829-GPC-BGS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>[ECF No. 29] |

　　　Pending before the Court is Defendant's Motion to Strike Expert Opinions, which was filed before District Judge Gonzalo P. Curiel on April 19, 2021. (*See* ECF No. 29.) Since this matter involves an alleged discovery dispute, the motion was referred to Magistrate Judge Bernard G. Skomal.

　　　In its Motion to Strike, Defendant claimed that Plaintiff had not served any expert designations or disclosures pursuant to the Scheduling Order and the Federal Rules of Civil Procedure.[1] (ECF No. 29-1 at 3.) Defendant argued that it is inexcusable that Plaintiff failed to meet the deadlines regarding expert discovery that were listed in the Court's

---

[1] Defendant indicated that it served its expert witness designations on December 21, 2020 and served its expert disclosures/reports on February 4, 2021. (ECF Nos. 29-1 at 2–3; 29-2 at 2.)

Scheduling Order and that Plaintiff has yet to take any corrective action as to this failure. (*Id.* at 4.) Defendant stated that Plaintiff cannot provide any substantial justification for her failure to disclose or designate her experts. (*Id.* at 5.) Defendant claimed that it, as well as the Court, will suffer harm if Plaintiff is allowed to designate experts at this stage of the litigation since expert discovery would have to be reopened, impacting the pending Motion for Summary Judgment and other pre-trial dates. (*Id.* at 6.) Defendant requested that the Court strike any future expert opinions or testimony that the Plaintiff may offer due to Plaintiff's failure to disclose or designate her experts. (*Id.* at 5, 6.) Defendant requested attorney fees in the amount of $ 13,500.00, for preparing the instant motion and the time anticipated responding to any opposition. (*Id.*)

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) governs how and when parties are to disclose expert testimony. "The Ninth Circuit has given particularly wide latitude to the district courts to issue sanctions under Rule 37(c)(1) for a party's failure to comply with the requirements set forth in Rule 26(a)." *Margo G. v. Bloomfield*, No. CIV. 05CV2242JM-AJB, 2008 WL 5431182, at *1 (S.D. Cal. Apr. 2008). Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." However, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

## II. DISCUSSION

Defendant moved to strike any future expert opinions or testimony that the Plaintiff may offer on grounds that Plaintiff cannot demonstrate that her failure to disclose or designate her expert witnesses were substantially justified or harmless. (ECF No. 29-1 at 4–6.)

      When expert disclosures or designations are produced untimely, Defendant is correct in stating that the Court will exclude the expert's testimony unless the producing partying shows that the failure was substantially justified or harmless.[2] *See* Fed. R. Civ. P. 37(c)(1). However, in this case, Defendant's motion is premature. Despite Defendant's claim that Plaintiff has failed to serve her expert designations and disclosures, there is no indication that Plaintiff has used or attempted to use any expert opinion or testimony. *See In re Real Est. Assocs. Ltd. P'ship Litig.*, No. CV-98-7035-DDP-AJWX, 2002 WL 31027451, at *2 (C.D. Cal. Aug. 2002) (finding that the defendants' motion was premature since the plaintiff had not relied on the expert's report). Since Plaintiff has yet to proffer any expert testimony as evidence, there is nothing that the Court can strike from the record. It is unclear whether Plaintiff even intends to rely on an expert, considering that Plaintiff has not filed her Opposition to the pending Motion for Summary Judgment. (*See* Docket.)

      Defendant is essentially requesting that the Court bar any expert opinion or testimony that Plaintiff may possibly present in the future. "[H]owever, nothing in the Federal Rules contemplates such a motion or such relief." *Alabama Aircraft Indus., Inc. v. Boeing Co.*, No. 2:11-CV-03577-RDP, 2015 WL 13622489, at *2–*3 (N.D. Ala. Nov. 2015) (finding that Plaintiff's motion to strike the future use of defendant's witness's testimony was problematic, since the testimony had not been proffered as evidence and did not give the Court anything to strike from the record).

      Therefore, the Court finds that Defendant's motion is premature and not ripe for adjudication at this time. *See N. Cty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*, No. 08-CV-01518-BEN-WMC, 2010 WL 11453258, at *1 (S.D. Cal. Nov. 2010) (finding that the Motion to Strike and/or Exclude Expert Testimony was premature and denied without prejudice to its re-filing at the appropriate time, where there court indicated that it

---

[2] The burden is on the party facing sanctions to prove substantial justification or harmlessness. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001). However, since Plaintiff has not relied on any expert opinion or testimony, there is nothing for the Plaintiff to address at this time.

is unclear from the record if and how the parties intend to rely on the expert's opinion); *In re Real Estate Assocs. Ltd. P'ship Litig.*, 2002 WL 31027451, at *1–*2 (acknowledging that exclusion could be argued at trial but holding that a motion to exclude an expert's report and testimony before trial was premature because no party had yet relied upon the report). Defendant may renew its motion if and when Plaintiff relies on an expert's opinion or testimony.

### III.   CONCLUSION

Accordingly, the Court finds that Defendant's Motion to Strike Expert Opinions (ECF No. 29) is premature and **DENIES** the Motion **without prejudice** to its re-filing at the appropriate time.

Dated:  April 27, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge