1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

Artemisa ELIZONDO,

Plaintiff,

v.

SEAWORLD PARKS &
ENTERTAINMENT, INC., et al.,

Defendant.

Case No.:  20-cv-00829-GPC-BGS

**ORDER REGARDING JANUARY 20, 2021 OSC**

[ECF No. 14]

17
18
19
20
21
22
23
24
25
26
27
28

Pending before the Court is an Order to Show Cause ("OSC"), which required Plaintiff's counsel, Raymond Ghermezian, to file a declaration in response to this OSC, explaining (1) his failure to appear at the January 15, 2021 Discovery Conference, as directed in the Court's January 13, 2021 minute order; (2) his alleged failure to respond to Defendant's Interrogatories and Requests for Production; (3) his alleged failure to attend the December 17, 2020 depositions; and (4) showing cause why sanctions should not be imposed.  (*See* ECF No. 14.)  The Court also required Defendant's counsel, Guillermo Marrero, to file a declaration in response to this OSC, detailing (1) Plaintiff's counsel's alleged failure to respond to Defendant's Interrogatories and Requests for Production; (2) Plaintiff's counsel's alleged failure to attend the December 17, 2020 depositions; and (3) any sanctions sought.  (*Id.*)

1

## I.   INTRODUCTION

On July 20, 2020, the Court held an Early Neutral Evaluation and Case Management Conference.  (ECF No. 9.)  The case did not settle.  (*Id.*)  On July 21, 2020, the Court issued its Scheduling Order.  (ECF No. 10.)  On November 18, 2020, despite finding that Plaintiff Artemisa Elizondo ("Plaintiff") and Defendant Seaworld Parks and Entertainment, Inc., ("Defendant") failed to justify any extension of the dates listed in the Scheduling Order, the Court extended the Fact Discovery deadline until December 21, 2020 to allow the Plaintiff to respond to Defendant's Interrogatories and Requests for Production ("Defendant's written discovery requests") and to allow the parties to conduct the depositions of Plaintiff's mother, Plaintiff's sister, and Defendant's employees.  (ECF No. 12.)

On January 13, 2021, pursuant to Judge Skomal's Chambers' Rule V(A), Defendant's counsel contacted the Chambers of Judge Skomal *ex parte* and indicated that Mr. Ghermezian had been unresponsive to a request to meet and confer regarding his alleged failure to respond to Defendant's written discovery requests and also his alleged failure to attend the depositions of Plaintiff's mother and sister, which were scheduled for December 17, 2020.  (*See* ECF Nos. 13; 14 at 1–2.)  The Court then set a call for January 15, 2021 to discuss the status of the remaining discovery.  (ECF Nos. 13.)  On January 15, 2021, the Court attempted to convene the parties for the Telephonic Discovery Conference, however, only Mr. Marrero participated on the call.  (ECF No. 14 at 2.)

On January 20, 2021, the Court ordered Mr. Ghermezian to show cause as to why he should not be sanctioned for his failure to attend the January 15, 2021 Telephonic Discovery Conference, as well as for his alleged failure to respond to Defendant's written discovery requests and his alleged failure to attend the December 17, 2020 depositions.  (*Id.* at 1–2.)  Mr. Ghermezian was ordered to respond to the Court's OSC by February 3,

2021.[1]  (*Id.* at 2.)  The Court also ordered Mr. Marrero to file a declaration that addressed these allegations and any sanctions that he sought.  (*Id.*)

On January 27, 2021, Mr. Marrero filed his declaration in response to the Court's OSC.  (ECF No. 15.)  In this declaration, Mr. Marrero explained in detail the events giving rise to his allegations that Mr. Ghermezian failed to respond to his written discovery requests and failed to attend the December 17, 2020 depositions.  (*Id.* at 2–8.)  Mr. Marrero then requested sanctions for this conduct and described the amount in fees and costs that he has incurred.  (*Id.* at 8–10.)  Mr. Marrero also requested that Plaintiff's mother and sister be prevented from testifying at trial due to Mr. Ghermezian's conduct.  (*Id.* at 10.)

Since nothing was filed by Mr. Ghermezian on or before the February 3, 2021 deadline, the Chambers of Judge Skomal contacted Mr. Ghermezian on February 4, 2021 to inquire whether he was going to respond to the Court's OSC.  (ECF No. 16.)  After Mr. Ghermezian informed the Court that he was going to respond to the Court's OSC, the Court gave an additional week for Mr. Ghermezian to file his declaration in response to the Court's OSC.  (*Id.*)

On February 10, 2021, Mr. Ghermezian filed his declaration in response to the Court's OSC.  (ECF No. 17.)  In this declaration, Mr. Ghermezian stated that he was diagnosed with COVID-19 on January 5, 2021 and was under quarantine until February 8, 2021.  (*Id.* at ¶¶ 3, 4.)  Mr. Ghermezian indicated that he missed the January 15, 2021 conference due to his illness and that even though he had designated another attorney to appear on his behalf, she failed to do so.  (*Id.* at ¶ 6.)  Mr. Ghermezian stated that he "fully and completely" responded to "all outstanding [written] discovery at issue. There are no further issues at hand to my knowledge."  (*Id.* at ¶ 8.)  Mr. Ghermezian claimed that he is

---

[1] Mr. Ghermezian was specifically ordered to address the following in his response to the Court's Order to Show Cause: "(1) his failure to appear at the January 15, 2021 Discovery Conference, as directed in the Court's January 13, 2021 minute order; (2) his alleged failure to respond to Defendant's Interrogatories and Requests for Production; (3) his alleged failure to attend the December 17, 2020 depositions; and (4) showing cause why sanctions should not be imposed."  (ECF No. 14 at 2.)

not refusing to engage in discovery nor is he refusing to make witnesses available for depositions, and that Mr. Marrero "continues to place roadblocks on mutual discovery." (*Id.* at ¶¶ 7, 9.)  Mr. Ghermezian states that he has been attempting to depose Defendant's employees "to no avail" and that "despite notices and numerous emails, [Mr. Marrero] still refuses to provide dates for defendant employees."  (*Id.* at ¶ 10.)  Mr. Ghermezian claims that Mr. Marrero refuses to allow him to take any depositions and requests a hearing to schedule the remaining depositions.  (*Id.* at ¶¶ 11, 12.)

On February 12, 2021, the Court indicated that Mr. Ghermezian's declaration did not specifically address Mr. Marrero's claim that he failed to respond timely to Defendant's written discovery requests, nor did he specifically address Mr. Marrero's allegation as to why he, or Plaintiff's mother and sister, failed to attend the properly noticed depositions on December 17, 2020.  (ECF No. 18 at 1–2.)  The Court then ordered Mr. Ghermezian to file an additional response[2] to the Court's OSC.  (*Id.* at 2.)

On February 19, 2021, Mr. Ghermezian filed his additional response to the Court's OSC.  (ECF No. 19.)   Mr. Ghermezian apologized for the delay in responding to Defendant's written discovery requests, but explained that he "experienc[ed] tremendous difficulty communicating with the Plaintiff" and immediately served his responses once he received communication from his client.  (*Id.* at ¶ 5.)  Mr. Ghermezian claims that Mr. Marrero knew at all times that Plaintiff's mother and sister would not appear at the depositions and will gladly appear for depositions on mutually agreeable dates and times once depositions for Defendant's employees are also scheduled.  (*Id.* at ¶ 8.)   Mr.

_____

[2] Mr. Ghermezian was ordered to specifically address the following in his additional response: "(1) his alleged failure to respond to Defendant's written discovery requests and provide specific details to substantiate his claim that he has fully responded to these requests; (2) his alleged failure to attend the December 17, 2020 depositions; (3) his alleged failure to present witnesses at the December 17, 2020 depositions; and (4) showing cause why sanctions should not be imposed."  (ECF No. 18 at 2.)  Additionally, Mr. Ghermezian was also ordered to state any objections he may have as to: "(a) the sanctions requested by Defendant's Counsel; (b) the amount of hours worked by Defendant's Counsel and his staff; (c) the hourly rate of Defendant's Counsel and his staff; (d) the amount of attorney fees requested; and (e) the costs incurred by Defendant's Counsel.  Any exhibits attached must be summarized in the body of the declaration."  (*Id.*)

Ghermezian states that sanctions are not warranted, since Plaintiff's mother and sister asked him to represent them for deposition purposes and Mr. Marrero knew at all times that they would not appear at the depositions. (*Id.* at ¶ 10.)

On March 10, 2021, pursuant to Judge Skomal's Chambers' Rule V(A), Defendant's counsel contacted the Chambers of Judge Skomal *ex parte* and indicated that Mr. Ghermezian had been unresponsive to a request to meet and confer regarding his written discovery responses. (ECF No. 22.) The Court set a Telephonic Discovery Conference for March 12, 2021 to discuss Plaintiff's responses. (*See id.*) After being in contact with the Chambers of Judge Skomal prior to the Discovery Conference, both parties requested to extend Plaintiff's response deadline until March 19, 2021 to allow for Plaintiff's counsel to amend his responses to Defendant's written discovery requests. (ECF No. 23.) The Court granted the parties request[3] and then the Court moved the Discovery Conference from March 12, 2021 until March 22, 2021 at 2:00 PM. (*Id.*)

On March 22, 2021, the Court did not receive a joint phone call, as instructed in the Court's minute order, and then contacted counsel for both parties to inquire whether they were going to attend the scheduled Discovery Conference. (ECF Nos. 23; 24 at 2.) The Court was able to speak with Defendant's counsel. (ECF No. 24 at 2.) However, the Chambers of Judge Skomal was unable to get a hold of Mr. Ghermezian. (*Id.*) The Court was told by Mr. Ghermezian's assistant that he was in a Summary Judgment hearing and was unable to speak. (*Id.*) The Court then rescheduled the Discovery Conference and ordered Mr. Ghermezian to explain his failure to attend the conference. (*Id.*)

The Court held a Telephonic Discovery Conference on March 25, 2021, where the parties discussed Mr. Marrero's objections to certain discovery issues. (ECF No. 25.) Mr. Marrero first objected to Mr. Ghermezian's responses to Defendant's written discovery

---

[3] Mr. Ghermezian indicated to the Court that he agreed to supplement his responses to the written discovery requests, where warranted, by March 19, 2021. (ECF No. 23.) Mr. Marrero indicated to the Court that he will not pursue sanctions for the written discovery indicated in the Court's OSC, if Mr. Ghermezian's responses are done to his satisfaction. (*Id.*)

requests because it contained the language "Discovery and investigation continuing. Plaintiff reserves the right to supplement and/or amend this response." (*Id.*)   Mr. Ghermezian agreed to amend those responses by removing this language. (*Id.*)   Mr. Marrero then indicated that he will withdraw his sanctions motion concerning Mr. Ghermezian's responses once Plaintiff amends and removes this language from his responses. (*Id.*)  The Court allowed Mr. Ghermezian to amend his responses by March 29, 2021[4] and would then deem Mr. Marrero's motion for sanctions regarding Mr. Ghermezian's responses withdrawn. (*Id.*)

At the Discovery Conference, Mr. Marrero also objected to Mr. Ghermezian's Requests for Production related to Defendant's 30(b)(6) witnesses. (*Id.*)   The Court deemed the dispute resolved, after Mr. Ghermezian and Mr. Marrero agreed to limit the Requests for Production to the ones that are relevant to the interior part of the restaurant where the incident occurred, and indicated that the depositions of Defendant's 30(b)(6) witnesses will go forward on March 31, 2021. (*Id.*)   Mr. Marrero then objected to Plaintiff's deposition topic no. 3 regarding Defendant's 30(b)(6) witnesses. (*Id.*)   Mr. Ghermezian agreed to withdraw deposition topic no. 3 and the Court deemed the dispute resolved. (*Id.*)  As for Mr. Ghermezian's failure to attend the March 22, 2021 discovery conference (*See* ECF Nos. 23, 24), the Court accepted his explanation (ECF No. 25).

## II.   DISCUSSION

The Court ordered Mr. Ghermezian to respond to its OSC, explaining (1) his failure to appear at the January 15, 2021 Discovery Conference; (2) his alleged failure to respond to Defendant's Interrogatories and Requests for Production; (3) his alleged failure to attend the December 17, 2020 depositions; and (4) showing cause why sanctions should not be imposed. (ECF No. 14.)  The Court addresses each issue in turn.

---

[4] Although Mr. Ghermezian indicated that he will amend his responses by March 26, 2021, the Court provided additional time and allowed Plaintiff's counsel to amend his responses by March 29, 2021 at 5:00 PM.  (*See* ECF No. 25.)

### a. January 15, 2021 Conference

#### i. Legal Standard

Federal Rule of Civil Procedure 16 permits the court to order attorneys and unrepresented parties to appear for one or more pretrial conferences for several purposes, including "establishing early and continuing control so that the case will not be protracted because of lack of management" and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a). "At any pretrial conference, the court may consider and take appropriate action" on several matters, including "controlling and scheduling discovery" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." *See* Fed. R. Civ. P. 16(c)(2)(F), (P).

"When confronted with a party's defiance of its management authority, a district court is necessarily vested with considerable discretion in deciding whether to impose sanctions on that party, and, if so, in determining what form the sanctions should take." *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 5 (1st Cir. 1993). Rule 16(f) authorizes the court to issue any just sanctions if a party, or its attorney, "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). The Southern District of California's Local Civil Rules also authorizes magistrate judges to impose sanctions against attorneys for failing to appear as ordered. *See* Civ. L. R. 83.1.

Further, "[i]nstead of or in addition to any other sanction, the court must order" the attorney or party "to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award unjust." Fed. R. Civ. P. 16(f)(2); *see also Sedgwick v. Unknown K-9 Handler*, 2013 U.S. Dist. LEXIS 77063, *11–*12 (S.D. Cal. Apr. 2013) (citing Ninth Circuit cases demonstrating the circuit court has repeatedly upheld monetary sanctions imposed for failure to comply with orders regarding settlement conferences).

///

### ii. Analysis

Mr. Ghermezian was ordered to show cause as to why he should not be sanctioned for his failure to attend the January 15, 2021 Telephonic Discovery Conference. (ECF No. 14 at 2.) In response, Mr. Ghermezian declared that he was diagnosed with COVID-19 on January 5, 2021 and was under quarantine until February 8, 2021. (ECF No. 17 at ¶¶ 3, 4.) Mr. Ghermezian indicated that he missed the January 15, 2021 conference due to his illness and that even though he had designated another attorney to appear on his behalf, she failed to appear. (*Id.* at ¶ 6.)

Here, Mr. Ghermezian tested positive for COVID-19 on January 5, 2021, eight days prior to the Court's minute order setting the Telephonic Discovery Conference. (*See* ECF No. 17 at 4.) COVID-19 is a respiratory illness that can have a wide array of effects on a person, from mild and moderate symptoms to severe and debilitating symptoms.[5] It is reasonable to believe that Mr. Ghermezian was unable to attend the scheduled conference due to contracting the virus. Thus, the Court finds that Mr. Ghermezian's failure to appear at the January 15, 2021 Telephonic Discovery Conference was justified and does not warrant sanctions.

### b. Mr. Ghermezian's Alleged Failure to Respond to Defendant's Written Discovery Requests

#### i. Legal Standard

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Under Rule 37(b), if a party fails to comply with a court order, the Court may impose any of the sanctions authorized under Rule 37(b)(2)(A)(i)–(vi). The Court may also order sanctions if "a party, after being properly served with interrogatories

---

[5] *See* U.S. Department of Health & Human Services, Symptoms, CENTERS FOR DISEASE CONTROL AND PREVENTION (March 8, 2021, 11:38 AM), https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html.

under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii).  The Court may also grant reasonable expenses, including attorney's fees, for a party's untimely response or objection to written discovery requests under Rule 37.  *Mann v. Newport Tankers Corp.*, 96 F.R.D. 31, 33–34 (S.D.N.Y. 1982) ("The plaintiff's failure to timely and appropriately respond to defendants' interrogatories, or timely object, despite a more than adequate period of time afforded him to do so has made this motion necessary and has unduly burdened defendants and this much burdened court without substantial justification. [. . .] Accordingly, [. . .], movants are granted reasonable expenses, including attorneys' fees[.]")  In lieu of, or in addition to, the sanctions listed in Rule 37(b)(2)(A)(i)–(vi), the Court must award reasonable expenses, including attorneys' fees, caused by the failure, unless it concludes that the failure was substantially justified or that other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(d)(3).

### ii.  Analysis

Mr. Ghermezian was ordered to show cause as to why he should not be sanctioned for his alleged failure to respond to Defendant's written discovery requests, which were served on October 8, 2020.  (ECF Nos. 14 at 2; 15 at 2.)  In response to the Court's OSC, Mr. Ghermezian informed the court that he has "fully and completely responded to all outstanding discovery at issue.  There are no further issues at hand to my knowledge."  (ECF Nos. 17 at ¶ 8; 19 at ¶ 5.)  Mr. Ghermezian apologized for the delay in responding to the written discovery requests and indicated that he experienced "tremendous difficulty communicating with the plaintiff."  (ECF No. 19 at ¶ 5.)  Mr. Ghermezian indicated that he immediately finalized and served Plaintiff's responses once he received communication from his client.  (*Id.*)

Here, Mr. Ghermezian has not shown substantial justification for his failure to respond to Defendant's written discovery requests.  Defendant served its written discovery requests on October 8, 2020.  (ECF No. 11 at 3.)  On November 18, 2020, in the interest of justice, the Court gave Plaintiff an additional 30 days to respond to the written discovery

requests, despite indicating that neither party had justified the extension of any deadlines. (ECF No. 12.)  Yet, on January 13, 2021, Defendant's counsel contacted the Chambers of Judge Skomal *ex parte* to set a telephonic conference and indicated that Mr. Ghermezian had still not responded to its discovery requests.  (ECF Nos. 13; 14 at 1.)  It was not until February 8, 2021 where Mr. Ghermezian claims to have fully and completely responded to the written discovery at issue.  (ECF Nos. 17 at ¶ 8; 19 at ¶ 5.)

The only justification that Mr. Ghermezian gave for failing to respond is that he experienced "tremendous difficulty communicating with the plaintiff" and that he immediately served Plaintiff's responses once he received communication from his client. (ECF No. 19 at ¶ 5.)  However, this is the first time this issue has been brought to the Court's attention.  There has been no indication that Mr. Ghermezian had any difficulty communicating with his client.  In fact, in the parties Joint Motion to Continue Discovery and Pre-Trial Deadlines, there was no mention of Mr. Ghermezian having any difficulty in communicating with the Plaintiff or that the difficulty in communicating with the Plaintiff was the reason for why he had not responded to Defendant's written discovery requests. (*See* ECF No. 11.)

Mr. Ghermezian did not provide any other justification for his failure to respond or for his failure to follow the Court's November 18, 2020 order, which indicated that he needed to provide his responses to Defendant's written discovery requests by December 21, 2020.  (*See* ECF Nos. 12 at 5 [November order]; 17 [Mr. Ghermezian's first response to OSC]; 19 [Mr. Ghermezian's second response to OSC].)  Mr. Ghermezian's conduct regarding the responses to Defendant's written discovery requests has shown the Court that he has not acted diligently during discovery and that he has not "take[n] all steps necessary to bring an action to readiness for trial." Civ. L. R. 16.1(b).  Therefore, the Court finds that Mr. Ghermezian has not provided substantial justification for his sanctionable conduct. *See Raygoza v. City of Fresno*, 297 F.R.D. 603, 608 (E.D. Cal. 2014) (reasoning that pursuant to Rule 37, the party facing sanctions has the burden to demonstrate the failure was substantially justified).

However, the Court finds that there are circumstances present that would make an award of expenses unjust, since Mr. Marrero has withdrawn his motion for sanctions as to Mr. Ghermezian's failure to respond. In his responses to the Court's OSC, Mr. Ghermezian declared that he had "fully and completely" responded on February 8, 2021. (ECF Nos. 17 at ¶ 8; 19 at ¶ 5.) However, Mr. Marrero objected to Mr. Ghermezian's responses that contained the language: "Discovery and investigation continuing. Plaintiff reserves the right to supplement and/or amend this response." (ECF Nos. 23; 25.) Nevertheless, Mr. Marrero indicated that he will not pursue sanctions for the written discovery once Mr. Ghermezian amends and removes this language from his responses. (*Id.*) Mr. Ghermezian stated that he will amend certain responses to Defendant's written discovery requests by removing this language. (ECF No. 25.) The Court then allowed Mr. Ghermezian to amend his amended responses by March 29, 2021 and deemed Mr. Marrero's motion for sanctions regarding Mr. Ghermezian's responses to Defendant's written discovery requests withdrawn. (*Id.*)

Accordingly, with regard to for Mr. Ghermezian's alleged failure to respond to the written discovery requests, the Court finds that there are other circumstances that would make an award of expenses unjust and that monetary sanctions are inappropriate under these circumstances.

### c. Mr. Ghermezian's Alleged Failure to Attend December 17, 2020 Depositions

#### i. Legal Standard

Federal Rule of Civil Procedure 30(d)(2) allows for "[t]he court [to] impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Rule 30(d)(2) sanctions do not require a finding of bad faith. *Robinson v. Chefs' Warehouse*, No. 315CV05421RSKAW, 2017 WL 1064981, at *2 (N.D. Cal. Mar. 2017).

Further, pursuant to Federal Rule of Civil Procedure 37, the Court may order sanctions if a party fails to appear for the deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i); *see also Wyle*, 709 F.2d at 589.  Under Rule 37(d), if a party fails to comply with a court order and does not appear at his deposition, the Court may impose any of the sanctions authorized under Rule 37(b)(2)(A), (B) and (C).  In lieu of, or in addition to, these sanctions, the Court must award reasonable expenses (including attorneys' fees) caused by the failure, unless it concludes that the failure was substantially justified or that other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(d)(3).

Pursuant to Ninth Circuit precedent, a party fails to appear for deposition, within the meaning of Rule 37(d), where the party unilaterally cancels the deposition immediately prior to the date on which it is noticed.  *See Henry v. Gill Industries, Inc.*, 983 F.2d 943, 947 (9th Cir.1993) (rejecting plaintiff's contention that he "never 'failed to appear' for his noticed deposition because each such deposition was vacated" one business day before the date it was properly noticed).  Some courts have held that parties may not escape sanctions simply by notifying the attorney who noticed the deposition that they will not appear.  *See Rodriguez v. State Farm Lloyds*, No. 5:15-CV-85, 2016 WL 10804244, at *1 (S.D. Tex. Jan. 2016) (indicating that a party may not escape sanctions by simply notifying an attorney that they will not appear at a deposition, in a case where the deponent gave five days' notice that she would not appear. Court did not sanction Plaintiff for other reasons.); *Peyman v. Rayan*, No. 2:09-CV-01384-KJD, 2011 WL 976925, at *1 (D. Nev. Mar. 2011) ("Some courts have held that parties may not escape sanctions simply by notifying the attorney who noticed the deposition that they will not appear."); *see also* Wayne D. Brazil, 7 Moore's Federal Practice § 37.91 (Matthew Bender 3d ed.) ("Such notification does not excuse a party's failure to appear, and will not serve as a substitute for a motion for a protective order.").  However, in determining whether Rule 37(d) sanctions are warranted, the Court may consider "whether reasonable notice was given in cancelling a party's deposition."  *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 592 (S.D. Tex. 2011).

1    In order to cancel or stay a properly-noticed deposition, the opposing party must

2    obtain a protective order before the deposition date in order to relieve the deponent or her

3    counsel of the duty to appear the properly noticed deposition.  *See Pioche Mines Consol.,*

4    *Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) (finding that unless a proposed deponent

5    obtains a court order that postpones or dispenses with his duty to appear for a noticed

6    deposition, the duty to appear remains, even if a motion for such an order is on file), *cert.*

7    *denied*, 380 U.S. 956 (1965); *Koninlike Phillips Elec. N.V. v. KXD Tech.*, Inc., 2007 WL

8    3101248, at *18 (D. Nev. Oct. 2007) ("Absent a protective order or an order staying the

9    deposition, the party, including its officers or Rule 30(b)(6) deponents, is required to appear

10   for a properly noticed deposition."), *appeal dismissed*, 539 F.3d 1039 (9th Cir. 2008); 8A

11   Wright, Miller & Marcus, Federal Practice and Procedure § 2035 (3d ed. 2012) ("At least

12   with regard to depositions, the [protective] order should ordinarily be obtained before the

13   date set for the discovery, and failure to move at that time has been held to preclude

14   objection later[.]"); *see also* Fed. R. Civ. P. Rule 37(d)(2).

### ii.  Analysis

16   Mr. Ghermezian was ordered to address Mr. Marrero's allegation that he, as well as

17   Plaintiff's mother and sister, failed to attend the properly noticed depositions scheduled for

18   December 17, 2020.  (ECF No. 14 at 2.)  In response, Mr. Ghermezian claimed that he has

19   not refused to make witnesses available for depositions and will gladly appear for

20   depositions on mutually agreeable dates and times, once depositions for Defendant's

21   employees are also scheduled.  (ECF Nos. 17 at ¶ 9; 19 at ¶¶ 6, 8.)  Mr. Ghermezian alleged

22   that Mr. Marrero "refuses to allow [him] to take any depositions" and "still refuses to

23   provide dates for defendant['s] employees."  (ECF Nos. 17 at ¶¶ 10, 11; 19 at ¶¶ 7, 9.)

24   Further, Mr. Ghermezian stated that sanctions are not warranted since Mr. Marrero knew

25   at all times that no one would appear at the December 17, 2020 depositions.  (ECF No. 19

26   at ¶¶ 8, 10.)

27   After reviewing Mr. Ghermezian's two declarations in response to the Court's OSC,

28   as well as the attached exhibits, the Court finds that Mr. Ghermezian failed to appear at the

properly noticed depositions scheduled for December 17, 2020.[6]  Further, the Court concludes that Mr. Ghermezian's failure to appear was not "substantially justified" and finds that there are no "other circumstances mak[ing] an award of expenses unjust."  *See* Fed. R. Civ. P. 37(d).

The only factor that appears to have contributed to Mr. Ghermezian's nonappearance was the parties' inability to schedule depositions for Defendant's employees.[7]  (ECF Nos. 17; 19.)  Mr. Ghermezian claimed that Mr. Marrero "refuses to allow [him] to take any depositions of defendant employees" and "still refuses" to provide dates for defendant employees despite notices and numerous emails.  (ECF Nos. 17 at ¶¶ 10, 11; 19 at ¶¶ 7, 9.)  Mr. Ghermezian cited to Exhibit 2 in support of these statements.  (ECF No. 17 at ¶ 10.)  Exhibit 2 consists of emails between counsel dating from March 6, 2020 until December 13, 2020.  (*See* ECF No. 17 at 5–14.)  Exhibit 2 includes two emails sent from Mr. Marrero's law clerk, Alberto Aldrete, to Mr. Ghermezian wherein Mr. Aldrete provided dates for the depositions of Defendant's employees.  (ECF No. 17 at 9, 12.)  On October 8, 2020, in response to Mr. Ghermezian's request for deposition dates, Mr. Aldrete responded:

> Defendant will produce two PMKs, Melissa Sells and Abigale Childress. Ms. Sells is available for deposition between Nov. 2nd through Nov. 12th, except Friday Nov. 6th. We have not received confirmation of Ms. Childress availability for depo, but we expect she will also be available between Nov. 2nd through Nov. 12th. We will confirm Ms. Childress' availability ASAP.

---

[6] On December 1, 2020, Defendant's counsel served Mr. Ghermezian with notice requiring Plaintiff's mother and sister to appear for depositions via remote video conference.  (ECF No. 15-1 at 69–82.)  The deposition notices were sent to Mr. Ghermezian by first class mail at the address listed on the complaint. (ECF Nos. 1 at 8; 15-1 at 81.)

[7] This is shown by Mr. Ghermezian's December 2, 2020 email to Mr. Marrero's law clerk, Alberto Aldrete, wherein he stated "[w]e have been waiting for months to get dates to depose defendant employees without luck. We will not produce plaintiff's mother or sister for a deposition until I receive dates for defendant employee depositions and until such time that same are completed."  (ECF Nos. 15-1 at 86; 17 at 11.)

14

(ECF No. 17 at 9.)  Then on December 4, 2020, Mr. Aldrete emailed deposition dates for three of Defendant's employees to Mr. Ghermezian and asked for confirmation on whether the depositions of Plaintiff's mother and sister will occur on December 17, 2020.  (ECF No. 17 at 12.)  Mr. Aldrete sent a follow up email to Mr. Ghermezian on December 8, 2020 regarding the dates he provided for Defendant's employees and again asked for confirmation on whether Plaintiff's mother and sister will be deposed on December 17, 2020.  (ECF No. 17 at 13.)

Contrary to Mr. Ghermezian's allegations, Defendant's counsel appeared willing to allow Mr. Ghermezian to take the depositions of Defendant's employees and did provide deposition dates on two occasions.  Thus, according to Mr. Ghermezian's own reasoning, he should have attended the December 17, 2020 depositions since he was in fact given the deposition dates that he was requesting.

Even if Mr. Marrero "continue[d] to place roadblocks on mutual discovery" or prevented the depositions of Defendant's employees from taking place, as Mr. Ghermezian claims (*See* ECF Nos. 17 at ¶¶ 7, 10, 11; 19 at ¶¶ 4, 7, 9), this is not substantial justification for his failure to attend the December 17, 2020 depositions.  *See Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 594 (S.D. Tex. 2011) (finding that Defendant's counsel did not provide substantial justification for his failure appear at the noticed depositions, where Defendant's counsel canceled Defendant's deposition in retaliation to Plaintiff's counsel's improper termination of Plaintiff's deposition. The Court indicated that Defendant's counsel made the situation worse and the "proper course of action would have been to proceed with his clients' depositions.").  Under these circumstances, Mr. Ghermezian should have proceeded with the depositions as noticed, regardless of Mr. Marrero's conduct.  *See id.*

Mr. Ghermezian also claimed that Mr. Marrero knew all along that he, as well as Plaintiff's mother and sister, would not appear at the noticed depositions.  (ECF No. 19 at ¶¶ 8, 10.)  Mr. Ghermezian perhaps is referring to the email he sent to Mr. Aldrete on December 8, 2020, wherein Mr. Ghermezian indicated that "no one will be produced" at

the December 17, 2020 depositions.  (ECF No. 15-1 at 85.)  Although this shows that Mr. Ghermezian did provide Mr. Marrero with notice that he was not going to appear, a "lawyer has no authority unilaterally to cancel a deposition that is reasonably noticed [. . .] which is a step only the court is empowered to take." *Richardson v. BNSF Ry. Co.*, No. CIV.A. 13-5415, 2014 WL 5317866, at *2 (E.D. La. Oct. 2014).

A proposed deponent and her counsel have a duty to appear at the properly noticed deposition, unless they "obtained a court order that postpones or dispenses with [their] duty to appear." *See Pioche Mines Consol., Inc.*, 333 F.2d at 269; *see also Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 277 (C.D. Cal. 2008) ("[P]laintiff's failure to appear was not substantially justified since plaintiff, as discussed above, failed to file a motion for a protective order under Rule 26(c) before the date of the deposition[.]"); *Koninlike Phillips Elec. N.V.*, 2007 WL 3101248, at *18 ("Absent a protective order or an order staying the deposition, the party, including its officers or Rule 30(b)(6) deponents, is required to appear for a properly noticed deposition."); *see also* Fed. R. Civ. P. Rule 37(d)(2).  Simply notifying Mr. Marrero, the attorney who noticed the deposition, that he would not appear at the December 17, 2020 depositions did not relieve Mr. Ghermezian of his duty to appear. *See Pioche Mines Consol., Inc.*, 333 F.2d at 269; *Rodriguez*, 2016 WL 10804244, at *1 (indicating that a party may not escape sanctions by simply notifying an attorney that they will not appear at a deposition, in a case where the deponent gave five days' notice that she would not appear. Court did not sanction Plaintiff for other reasons.).  And since Mr. Ghermezian never obtained a court order that postponed or dispensed his duty to appear, he was required to attend the December 17, 2020 depositions.

Mr. Ghermezian's notification that he was not going to appear at the depositions is not a substitute for this court order and does not prevent the Court from still issuing sanctions against him for his failure to attend. *See Rodriguez*, 2016 WL 10804244, at *1 (indicating that a party may not escape sanctions by simply notifying an attorney that they will not appear at a deposition.); *Koninklike Philips Elecs. N.V.*, 2007 WL 3101248, at *18 (indicating that the party subject to a properly noticed deposition was required to appear

"[a]bsent a protective order or an order staying the deposition[.]"); *see also* Wayne D. Brazil, 7 Moore's Federal Practice § 37.91 (Matthew Bender 3d ed.) ("Such notification does not excuse a party's failure to appear, and will not serve as a substitute for a motion for a protective order.").

Mr. Ghermezian indicated that "[Plaintiff's] witnesses will gladly appear for depositions on mutually agreeable dates and times once all defense employee[s'] depositions are also scheduled."[8]   (ECF No. 19 at ¶ 8.)   However, Mr. Ghermezian's willingness to schedule these depositions does not preclude the imposition of sanctions due to his failure to appear.  The Ninth Circuit has held that a district court's award of sanctions against a party for failing to appear at his deposition is appropriate even when the opposing party's counsel is willing to work with the party to reschedule the deposition and when the deposition is ultimately taken.  *See Henry*, 983 F.2d at 947.  This is because when a party fails to appear for his deposition, the opposing party is prejudiced by that failure and later compliance does not "cure the effects" of the failure to appear.  *See id.*; *see also G-K Properties v. Redevelopment Agency of San Jose*, 577 F.2d 645, 647–48 (9th Cir. 1978).

Accordingly, the Court finds that Mr. Ghermezian engaged in sanctionable conduct for failing to attend the December 17, 2020 depositions.  Further, the Court finds that sanctions are appropriate under these circumstances, since Mr. Ghermezian did not provide substantial justification for his failure to attend and there are no "other circumstances [that] make an award of expenses unjust."  *See* Fed. R. Civ. P. 37(d).

**d.  Sanctions Regarding Mr. Ghermezian's Failure to Attend Depositions**

**i.  Legal Standard**

The Court has great discretion in the imposition of discovery sanctions.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Wyle*, 709 F.2d at 589.  "Under Rule 37(d)(3), a noncompliant party may be ordered to pay the other party's

---

[8] The Court has already ordered the parties to complete the depositions of Plaintiff's mother, Plaintiff's sister and Defendant's FRCP 30(b)(6) witnesses by April 2, 2021.  (*See* ECF Nos. 20, 21.)

'reasonable expenses[,' including attorney fees,] caused by the failure to comply with the rules of discovery." *Raya v. Calbiotech*, No. 3:18-CV-2643-WQH-AHG, 2019 WL 4962978, at *4 (S.D. Cal. Oct. 2019), *reconsideration denied*, No. 3:18-CV-2643-WQH-AHG, 2019 WL 11504688 (S.D. Cal. Nov. 2019) (citing Fed. R. Civ. P. 37(d)(3)); *see* Fed. R. Civ. P. 37(d)(3). There is no need to find that the failure to attend was "willful." *See Lew v. Kona Hospital*, 754 F.2d 1420, 1427 (9th Cir. 1985) ("Even a negligent failure to allow reasonable discovery may be punished."). When requesting attorney's fees, the moving party bears the burden of proving that the request is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."). Counsel should make a good faith effort to exclude from a fee request hours that are "excessive, redundant, or otherwise unnecessary[.]" *Id.* at 434.

Fee awards, if awarded, are subject to two conditions. *Superior Consulting Servs., Inc. v. Steeves-Kiss*, No. 17-CV-06059-EMC, 2018 WL 2183295, at *1 (N.D. Cal. May 2018), *aff'd by* 786 Fed. Appx. 648 (2019) (citing Fed. R. Civ. P. 11(c)(2), (4)). The award must be limited to fees directly resulting from the violation, and the fees awarded must be reasonable. Fed. R. Civ. P. 37(b)(2)(C) ("the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure"); *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, n. 5 (2017) ("Rule-based and statutory sanction regimes similarly require courts to find such a causal connection before shifting fees.") (quoting Fed. R. Civ. P. 37(b)(2)(C)). A "court can shift only those attorney's fees incurred because of the misconduct at issue. . . . [The] causal connection . . . is appropriately framed as a but-for test: The complaining party [] may recover only the portion of his fees that he would not have paid but for the misconduct." *Goodyear Tire*, 137 S. Ct. at 1186–87.

Pursuant to Rule 37(b)(2)(B), the District Court can also sanction a party for its failure to comply with a discovery order by "prohibiting that party from introducing designated matters into evidence." *See In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999),

*amended*, 199 F.3d 158 (3d Cir. 2000). However, courts have also been reluctant in excluding evidence due to a party's failure to comply with a discovery order and consider it to be an "extreme sanction." *See id.* at 721 ("[T]he exclusion of evidence for violation of a discovery order is an 'extreme sanction.'"); *Kotes v. Super Fresh Food Markets, Inc.*, 157 F.R.D. 18, 20 (E.D. Pa. 1994) ("The exclusion of critical evidence is an extreme sanction which is not normally imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.").

Terminating sanctions are "severe and are only justified where the failure to produce stems from the 'willfulness or bad faith' of the offending party." *Rodriguez v. Cty. of San Diego*, No. 19-CV-0424-L-MDD, 2020 WL 4696734, at *3 (S.D. Cal. Aug. 2020) (citing *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011)), *report and recommendation adopted*, No. 3:19-CV-424-L-MDD, 2020 WL 5230493 (S.D. Cal. Sept. 2020); *see also Pioche Mines Consol., Inc.*, 333 F.2d at 269.

### ii. Analysis

Mr. Marrero requested that the Court order Mr. Ghermezian to pay $6,225.00 in attorney fees and $1,849.30 in expenses for his failure to attend the December 17, 2020 depositions, for a total amount of $8,074.30. (ECF No. 15 at 9–10.) Mr. Marrero also requested to preclude Plaintiff's mother and sister from testifying at trial. (*Id.* at 10.)

The Court finds that precluding Plaintiff's mother and sister from testifying at trial is not warranted, since it is a harsh penalty that should only be issued in extreme circumstances and there is a less drastic sanction available to the Court for Mr. Ghermezian's conduct. *See In re TMI Litig.*, 193 F.3d at 721 ("[T]he exclusion of evidence for violation of a discovery order is an 'extreme sanction.'"); *Rigsbee v. City & Cty. of Honolulu*, No. CV 17-00532 HG-RT, 2019 WL 984275, at *5 (D. Haw. Feb. 2019) ("The Court must also consider the availability of less drastic options rather than precluding the witness from testifying at trial.").

As described above, the Court found that Mr. Ghermezian did not substantially justify his failure to attend the December 17, 2020 depositions and there are no

circumstances that make an award of expenses unjust.  *See* Fed. R. Civ. P. 37(d)(3).  Thus, the Court has the authority to award reasonable expenses, including attorney fees, caused by Mr. Ghermezian's failure to attend.

The attorney fees that Mr. Marrero claimed are associated with Mr. Ghermezian's failure to attend the December 17, 2020 depositions total $6,225.00, which includes fees for himself and his law clerk, Alberto Aldrete.  (ECF No. 15 at 9–10.)  Mr. Marrero has a billable rate of $650.00 per hour and requests 6.2 hours of counsel's labor leading up to the Court's OSC and 1.5 hours of counsel's labor anticipated in relation to Plaintiff's counsel failure to attend the depositions,[9] for a total of $5,005.00.  (ECF No. 15 at 9–10.)  Alberto Aldrete has a billable rate of $200.00 per hour and requests 6.1 hours[10] of labor leading up to the Court's OSC, for a total of $1,220.00.  (ECF No. 15 at 9.)  As for expenses, Mr. Marrero provided an invoice[11] from Esquire Legal Services that breaks down the $1,849.30 that he requests.  (ECF No. 15-2 at 63.)

Here, the Court finds that sanctions are appropriate based on Mr. Ghermezian's conduct in not attending the scheduled depositions.  However, since the parties were ordered to proceed with these same depositions (*See* ECF No. 21), the Court, in its

---

[9] In describing his work leading up to the Court's Order to Show Cause, Mr. Marrero indicated that he reviewed the discovery issue concerning the deposition schedule, drafted meet and confer letters regarding the depositions, communicated with Plaintiff's counsel via email and phone, attended the deposition of the witnesses as scheduled, attended the January 15, 2020 conference call, and prepared the instant declaration.  (ECF No. 15 at 9.)  Further, Mr. Marrero anticipates 1.5 hours of his time will be dedicated to any subsequent hearings, preparation of documents, and meet and confer efforts related to Plaintiff's counsel's failure to attend the deposition.  (*Id.* at 9–10.)

[10] Mr. Marrero indicates that his law clerk, Alberto Aldrete, prepared the deposition subpoenas, communicated with Esquire Legal Services to coordinate the location of the depositions and attendance via video conference, drafted meet and confer letters regarding deposition schedule, communicated with Plaintiff's counsel via email and phone, prepared deposition exhibits, prepared chronology of SeaWorld's efforts to depose witnesses, and prepared the instant declaration.  (ECF No. 15 at 9.)

[11] The Esquire Legal Services' invoice provides a list of its services that it provided, which includes certificates of non-appearance, colored exhibits with tabs, "Process & Compliance," and "Spanish Interpreting Service."  (ECF No. 15-2 at 63.)

discretion, limits sanctions to only the fees and expenses that were directly caused by Mr. Ghermezian's failure to attend the depositions. *See Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1186 n.5 (indicating that there needs to be a causal link between the misconduct and fees when the Court is acting under its inherent authority). Thus, the Court finds that the following fees and expenses were directly caused by Mr. Ghermezian's conduct: (1) the time Mr. Marrero actually spent attending the December 17, 2020 depositions; (2) the reasonable expenses incurred regarding those depositions; and (3) the time Mr. Marrero spent preparing the portion of his declaration that dealt with Mr. Ghermezian's failure to attend the depositions.

In determining whether the fees requested are reasonable, "[t]he most useful starting point [ ] is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Here, Mr. Ghermezian failed to oppose the hourly rate requested by Mr. Marrero despite having two opportunities to do so (*See* ECF Nos. 17, 19), and as a result, Mr. Ghermezian is precluded from objecting to Mr. Marrero's hourly rate. *See Dominguez v. Quigley's Irish Pub*, Inc., 897 F. Supp. 2d 674, 681 (N.D. Ill. 2012) ("Failure to object to a fee petition with specificity may preclude objection.").

However, before the Court can find that Mr. Marrero's hourly rate is reasonable, Mr. Marrero needs to provide justification for his hourly rate**.** *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (court has duty "to independently review plaintiffs' fee request even absent defense objections"); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (reasoning that it is the fee applicant's burden in establishing the reasonableness of the hourly rate and that providing the Court with the fee applicant's declaration, and nothing else, is insufficient). Thus, to justify his hourly rate, Mr. Marrero must provide the Court with a supplemental declaration describing his experience as an attorney and prior awards in similar cases where he was awarded fees with an hourly rate of $650.00. *See Hensley*, 461 U.S. at 430 n.3 (indicating that the amount of fees can be

determined by, among other factors, the "the experience, reputation, and ability of the attorneys" and "awards in similar cases").

Mr. Marrero also failed to provide the Court with a detailed breakdown regarding the hours expended on attending the December 17, 2020 deposition, as well as the hours spent preparing the portion of his declaration that dealt with Mr. Ghermezian's failure to attend, and failed to provide any detailed explanation for the expenses listed in Exhibit 17. (*See* ECF No. 15-2 at 63); *see also In re Daou Sys., Inc., Sec. Litig.*, No. CIV.98-CV-1537-L-AJB, 2008 WL 1832428, at *2 (S.D. Cal. Apr. 2008) ("It is the requesting counsel's burden to submit detailed time records justifying the attorneys' fees requested."); *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 623 (9th Cir. 1993) (finding that an award of attorney fees without elaboration, particularly without findings that hours expended were reasonable, is inadequate, where requesting party submits mere summaries of hours worked).

Therefore, Mr. Marrero must file a supplemental declaration, **no later than May 27, 2021**, that details: (1) Mr. Marrero's hourly rate and why it is reasonable; (2) a breakdown of the time that Mr. Marrero spent waiting at the December 17, 2020 depositions as a result of Mr. Ghermezian's failure to attend; (3) an explanation for each expense listed in Exhibit 17 and why these expenses are reasonable, including a specific explanation for why a Spanish interpreter was used and why the expense for the interpreter service is reasonable; and (4) a breakdown of the time that Mr. Marrero spent preparing the portion of his declaration that dealt with Mr. Ghermezian's failure to attend the depositions.

Mr. Ghermezian may file a declaration, **no later than June 3, 2021**, if he objects to: (1) the time Mr. Marrero actually spent attending the December 17, 2020 depositions; (2) the reasonable expenses incurred regarding those depositions; or (3) the time Mr. Marrero spent preparing the portion of his declaration that dealt with Mr. Ghermezian's failure to attend the depositions.

///

///

## III.   CONCLUSION

Accordingly, the Court finds that sanctions are appropriate under these circumstances.  The Court also finds that Mr. Ghermezian did not provide substantial justification for his failure to attend and there are no other circumstances that make an award of expenses unjust.  However, the Court will determine the appropriate amount of monetary sanctions and the due date for payment following receipt of a supplemental declaration from Mr. Marrero and a response from Mr. Ghermezian, if any, as explained above.

**IT IS SO ORDERED**.

Dated:  May 13, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge

20-cv-00829-GPC-BGS